## THE STATE v. CLARENCE BROWN.

Argued March 2, 1905—Decided June 12, 1905.

1. The direction of a verdict for the defendant in a criminal case is a matter resting in the discretion of the trial court, and unless it appears that in the refusal to so direct the defendant has suffered manifest wrong and injury, this court cannot say that the refusal of the trial court was error.

2. Where an indictment for larceny alleges the ownership of the silk stolen to be in S. & Co., proof that S. & Co. had a special property in the silk, or held it to do some act upon it, or for the purpose of conveyance, or in trust for the benefit of another, is sufficient to support the allegation of ownership in the indictment.

3. Where it is proven that property has been stolen, and the facts and circumstances surrounding its receipt by the person charged with having received it, knowing it to have been stolen, impute guilty knowledge, his guilt is a question for the jury.

On error to the Morris County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, GARRETSON and PITNEY.

For the plaintiff in error, *Charles Stilwell* and *Benjamin W. Ellicott.*

For the defendant in error, *Charles A. Rathbun.*

The opinion of the court was delivered by

FORT, J. The defendant was convicted in the Morris Quarter Sessions of receiving stolen goods, knowing them to have been stolen. *Pamph. L.* 1898, *p.* 839, § 166. This case is brought up under section 136 of the Criminal Procedure act, the entire record being returned. *Pamph L.* 1898, *p.* 915, § 136.

The seventh cause for reversal is that the trial court refused to direct a verdict for the defendant, notwithstanding a motion was made therefor.

The direction of a verdict in a criminal case is a matter

resting in the discretion of the court, and the refusal of the court to so direct is not reviewable on error. *State* v. *Jaggers,* 42 *Vroom* 281. But, it being a matter resting in discretion, when the whole record is returned, as here, the court is required to consider whether the defendant has suffered manifest wrong and injury in the exercise of this discretion by the trial court. *Section* 136, *supra.*

There were two grounds upon which 'the defendant relied in support of his motion for the direction of a verdict.

*First.* Because there was no proof that any property of George Singleton & Company (the party named in the indictment) had been stolen, and therefore, until such proof, there could be no receiving of such property knowing it to be stolen, under the law.

*Second.* Because there was no proof, either by direct evidence or from circumstances, indicating that the goods came into the possession of the defendant with knowledge that they were stolen.

The proof in the case established the following facts:

That George Singleton & Company were what is known as silk commission throwsters, carrying on business at Dover, in Morris county, where they have a large mill. Silk is received here from various parties to be put through certain processes of dressing, finishing, reeling into skeins and making up into bundles ready for shipment. Singleton & Company are not dealers in silk, and the raw silk shipped to them to be put through these processes of treatment is, after being finished, returned to the parties who send it. While the silk remains with Singleton & Company, going through their processes, it is given a lot number, and by this number it is identified as to the party from whom it has been received. The Singleton & Company mills are quite extensive, and large quantities of silk are treated by them. The only ownership they have in the silk is the special property arising from possession under their method of doing business, viz., that they hold it to do some act or work upon it.

As against any person but the true owner, the property in the silk thus sent to Singleton & Company is in that firm,

and any person feloniously taking the goods from Singleton & Company may be indicted for larceny of the goods of Singleton & Company. "If A bail goods to B to keep for him, or to carry for him, and B be robbed of them, the felon may be indicted for larceny of the goods of A or B, and it is good either way, for the property is still in A, yet B hath the possession and is chargeable to A, if the goods be stolen, and hath the property against all the world but A." 1 *Hale P. C.* 512.

Bishop says: "Goods in the hands of a bailee may ordinarily be described in the indictment as either the bailee's or the bailor's, at the election of him who draws it; that is, each may be deemed the owner within the law of larceny." 2 *Bish. Cr. L. (N. S.),* § 789.

Goods stolen from a thief may be charged as the goods of the thief or the true owner; either would be good. *Ward* v. *People,* 3 *Hill* 395, 6 *Id.* 144.

Proof that the person alleged to be the owner had a special property, or that he held it to do some act upon it, or for the purpose of conveyance, or in trust for the benefit of another, would be sufficient to support the allegation in the indictment. *State* v. *Somerville,* 21 *Me.* 14.

Indictment for larceny of goods from a constable may lay the property in the officer. *Palmer* v. *People,* 10 *Wend.* 166; *S. C.* 25 *Am. Dec.* 551.

That there was not sufficient property shown in Singleton & Company to sustain a charge for larceny of their property is, under the proof, without support.

The second ground urged for the direction of a verdict for the defendant, namely, that neither the direct nor circumstantial proof showed that the property came into the hands of the defendant with knowledge that it had been stolen, we also think is without force.

The proof was that the defendant had a brother-in-law, who resided with him, who was an employe of Singleton & Company; that this brother-in-law had been convicted of the larceny from Singleton & Company of silk similar to that alleged to have been received by the defendant; that the defendant had shipped the silk in a barrel from Dover to Port Murray,

consigned to his brother, F. D. Brown, who resides there; that when it arrived at Port Murray, F. D. Brown directed that it be retagged and shipped to New York to R. Cohen, 18 Mercer street, before the barrel was taken out of the Port Murray station. The express agent became suspicious and held the barrel at Hoboken on its arrival. Mr. Singleton was sent for, the barrel was opened and examined, and the silk identified. Thereupon, under the guard of detectives, it was taken to Cohen's, in New York, and delivered, and Cohen was arrested after he had received the barrel. The barrel was traced back to Clarence Brown, the defendant, by following the shipment statements. That the silk had been stolen from Singleton & Company the jury found under the proof, and we think the proof justified that finding. The story of the defendant was that he had shipped this barrel for a man named C. B. Thatcher, who brought it to defendant's house and requested him to ship it for him. He corroborated the C. B. Thatcher statement by showing that F. D. Brown had taken a receipt from the Port Murray agent in the name of C. B. Thatcher as the shipper, though from Dover it had been shipped by the defendant in his own name. Who Thatcher was defendant said he did not know, and never had seen him before or since. Thatcher the jury evidently found to be a myth. The Thatcher story was most improbable.

It would be difficult to read the evidence in this cause and reach the result that the facts and circumstances surrounding the transaction did not impute guilty knowledge to the defendant of the fact that the silk in the barrel shipped by the defendant had been stolen.

There was no manifest wrong or injury suffered by the defendant in the refusal of the court to direct a verdict for the defendant.

The only other matter seriously contended for on the argument was that the identification of the silk as silk taken from the Singleton & Company mill was not sufficient. We think it was. Mr. Singleton identified the silk by the special character of cord around the bundles, which is manufactured only in his mill; also by the manner in which it was laced, which

was peculiar to his mill; and by a paper which came to his mill a few days previous to the shipment of the barrel, and which bore certain private marks put upon it when it came to the mill. The fact of identification was clearly a question for the jury under the proof.

There was no error in any of the rulings of the court on the admission of evidence.

No ground of reversal is assigned because of any alleged error in the charge.

A careful examination of the whole case shows no error, and as no wrong or injury done the plaintiff in error is manifested, the judgment below is affirmed.