STATE OF NEW JERSEY v. ALBERT MELLINI.

STATE OF NEW JERSEY v. SILVIO SANTINI.

STATE OF NEW JERSEY v. ALBERT MELLINI AND SILVIO SANTINI.

Decided December 9, 1926.

Crimes—Sale of Liquor—Indictment Alleged Sale in Landis Township—At Trial it Appeared That Sale was in Vineland—Indictment Amended—Held, Not Error, Also Not Error to Offer in Evidence Liquor Which Had Been Unlawfully Seized Without a Legal Search Warrant—Conviction Confirmed.

On error to the Cumberland Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiffs in error, *Henry Burt Ware* and *William A. W. Grier.*

For the state, *Thomas G. Tuso.*

PER CURIAM.

These defendants were indicted for violating the provisions of the Hobart act, having in their possession, illegally, intoxicating liquor, one of the indictments charging the sale of liquor contrary to that law. The cases were tried together and resulted in a conviction of the defendants upon each indictment. While it is attempted to bring up the convictions under the one hundred and thirty-sixth section of the Criminal Procedure act, no reasons for reversal have been specified, and the cases are therefore here on strict writ of error.

In case No. 16, the indictment charged the defendant Mellini with the illegal sale of liquor or having the same in

his possession on September 9th, in Landis township. At the trial it appeared that the location of the place was in the borough of Vineland, and that the date on which the liquor was found was the 14th day of September. An application was then made by the prosecutor to amend the indictment by substituting the borough of Vineland in the place of Landis township, and September 14th in place of September 9th, which amendments were allowed, and this judicial action is made one of the grounds for reversal, upon the theory that thereby a different offense is substituted for that laid in the indictment. The law, however, is settled to the contrary. *State* v. *Ham,* 72 *N. J. L.* 4. We there held that an amendment to the indictment for the sale of intoxicating liquor, by substituting another place for that laid in the indictment, was not permissible under section 34 of the Criminal Procedure act, because the sale of liquor was not in itself criminal, but only the sale of liquor without a license, and that by substituting a place located in another municipality the defendant was deprived of setting up that in the locality specified in the indictment he was selling under a license, duly issued to him, and that this would be the substituting of another offense, but, by inference, where the act is criminal *per se,* a misstatement of the place is immaterial, as it would be in the case of a disorderly house.

In *State* v. *Calabrese,* 99 *N. J. L.* 315, we held that time is not of the essence of the offense, except in cases where an act may be innocent if done at one time, but criminal if done at another, and such, manifestly, is not the situation here.

It is next contended that upon the entire evidence, the convictions in each case were not warranted. The rule is well settled, however, that upon a review on assignments of error that question cannot be considered.

It is next argued that it was error to permit a witness to answer the question: "You are asked to state, if you know, if this is the liquor that you got from Seventh and Cherry on March 25th, 1925?" That question appears unobjectionable, but if it were objectionable, the objection came too late as

the question was answered, and no motion was made to strike out the answer.

It is also urged that there was error in allowing the same witness to be asked: "Is this the first time you bought whiskey in that place?" But since the question was not answered the question was harmless.

It is also urged that in various aspects the court's charge to the jury was erroneous, but excepting a misstatement of the name Mellini for Santini no error appears, and that slip was plainly harmless, for the jury, having followed the testimony, could not be misled by a verbal error so obviously transparent.

It is finally urged that the court erred in permitting the state to offer in evidence liquor which had been unlawfully seized without a legal search warrant having been issued as a justification for the seizure. Under the rule laid down in *State* v. *McQueen,* 69 *N. J. L.* 522, however, where the question was not directly involved, but was commented on, and the later cases which have approved the doctrine there laid down, the action of the court was legally correct. That course of procedure has also received the approval of the United States Supreme Court in *Adams* v. *New York,* 192 *U. S.* 585; *affirming,* 176 *N. Y.* 351; *Weeks* v. *United States,* 232 *U. S.* 383; *Carroll* v. *United States,* 267 *Id.* 1581.

The conclusions lead to an affirmance of the convictions in each case.