58 N.J. Super. 445 (1959)
156 A.2d 486
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LEO TRUNFIO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 1, 1959.
Decided December 7, 1959.
*446 Before Judges GAULKIN, SULLIVAN and FOLEY.
Mr. William C. Brudnick, Special Assistant Prosecutor, argued the cause for plaintiff-respondent (Mr. Guy W. Calissi, Bergen County Prosecutor).
Mr. Joseph G. Liebman argued the cause for defendant-appellant (Mischel & Liebman, attorneys).
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant was convicted of larceny and he appeals.
His first contention is that "Motion for Judgment of Acquittal * * * should have been granted since the stolen property was not that of Wilson Freight Forwarding Company, Inc. as stated in the indictment."
The indictment charged that defendant and another "did steal, take and carry away 12 cases of Seagram's whiskey in all of the value of $660, the property, goods and chattels of Wilson Freight Forwarding Company, Inc. * * *" The proof was that Wilson Freight Forwarding Company, Inc. was a common carrier, and that the liquor was in its possession en route to the consignee.
The overwhelming weight of authority is that "* * * it is not considered necessary to state the nature of the possessor's interest; but whether he held the property as *447 bailee, agent * * * or otherwise, he may be described as the owner thereof by name  that is, the property may be described as his individually." 32 Am. Jur., Larceny, § 114, p. 1027 (1941); 52 C.J.S. Larceny § 81(b), p. 889 (1947); Annotation, 21 L.R.A., N.S., 311 (1909). This is the rule in New Jersey. State v. Brown, 72 N.J.L. 354 (Sup. Ct. 1905), affirmed, o.b. 73 N.J.L. 679 (E. & A. 1906).
In the Brown case the indictment alleged that Singleton & Company was the owner. The proof was that the company processed silk belonging to others, and "the only ownership they have in the silk is the special property arising from possession under their method of doing business * * * to do some act or work upon it." Brown appealed his conviction on precisely the same ground urged here. The court held (72 N.J.L., at page 356):
"* * * `If A. bail goods to B. to keep for him or to carry for him, and B. be robbed of them, the felon may be indicted for larceny of the goods of A. or B., and it is good either way, for the property is still in A., yet B. hath the possession and is chargeable to A. if the goods be stolen, and hath the property against all the world but A.' 1 Hale P.C. 512. Bishop says: `Goods in the hands of a bailee may ordinarily be described in the indictment as either the bailee's or the bailor's, at the election of him who draws it; that is, each may be deemed the owner within the law of larceny.' 2 Bish. Cr. L. (N.S.), § 789. Goods stolen from a thief may be charged as the goods of the thief or the true owner. Either would be good. Ward v. People, 3 Hill 395; Id., 6 Hill 144. Proof that the person alleged to be the owner had a special property, or that he held it to do some act upon it, or for the purpose of conveyance, or in trust for the benefit of another, would be sufficient to support the allegation in the indictment. * * *"
Defendant argues that the Brown case was, by inference, overruled by State v. Cohen, 105 N.J.L. 529 (Sup. Ct. 1929). That is not so. The question in the Cohen case was so different from that in the Brown case that the latter was not even mentioned in the Cohen opinion. In the Cohen case the indictment had alleged that the goods were the property of Davis. At the trial the proof was that Moorestine *448 was the owner. There is nothing in the case to indicate that Davis had any interest in the goods whatever. The trial judge had amended the indictment to show Moorestine as the owner. This was held to be error, on the ground that the court had no power to amend such an essential part of the indictment.
It has been pointed out that an indictment for larceny is sufficient even when it alleges the owner of the property is unknown (Cohen, supra, 105 N.J.L., at page 534). There may be larceny by one thief from another (Brown, supra), or of contraband (Cohen, supra). It is plain, therefore, that the essential element of larceny is not that the property belonged to a specific person, but rather that it was the property of someone other than the thief. 32 Am. Jur., Larceny, § 113, p. 1024 (1941). For that reason the Florida Supreme Court held in Hearn v. State of Florida, 55 So.2d 559, 561, 28 A.L.R.2d 1179, 1181 (1951) that "the names of the owners of the stolen property constitute no part of the offense. They are stated in the information primarily as a matter of description for the purpose of identification and to show ownership in a person or persons other than the accused."
It is therefore debatable whether State v. Cohen would be followed today. Cf. State v. Smith, 21 N.J. 326, 331 (1956); State v. Mellini, 4 N.J. Misc. 1047 (Sup. Ct. 1926); Annotations, 7 A.L.R. 1516, 1526, and 68 A.L.R. 928, 930. In any event the Cohen case has no bearing upon the facts at bar. As in Brown, we hold that the indictment here was valid, and that the proof that the liquor was in the possession of Wilson Freight Forwarding Company, Inc. as a common carrier was sufficient to sustain the allegation of ownership therein contained.
We have examined the remaining grounds of appeal (at least one of which was not raised below) and we do not find sufficient merit in any of them to warrant detailed analysis.
Affirmed.