HENRY BRUNING, GOTTARDO TENCHINI AND RAY CUCCARO, PLAINTIFFS, v. PERALEX OF NEW JERSEY, INC., A NEW JERSEY CORPORATION, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided August 21, 1962.

*Mr. Newton M. Roemer,* attorney for plaintiffs.

*Mr. Milton P. Maio,* attorney for defendant.

COLLESTER, J. S. C.   Application has been made to this court by the defendant corporation to dismiss the complaint on the ground that it affirmatively appears on the face thereof that the court is without jurisdiction to entertain the same.

The plaintiffs, who are stockholders of the defendant corporation, filed a complaint alleging that the defendant corporation has suspended its ordinary business, is unable to pay its debts as they mature, is operating at a loss and that it is necessary for the protection of its creditors and stockholders that a receiver be appointed.   The three plaintiffs collectively own more than 10% of the capital stock of the corporation but none of them individually owns 10% or more of said stock.

It is the contention of the defendant that under the statute, *N. J. S. A.* 14:14–3, such an action can be brought only by a stockholder who owns at least 10% of the capital stock of the corporation, and that since none of the plaintiffs individually own such 10% the action must be dismissed.

The issue is the interpretation of the statute, the pertinent part thereof being as follows:

"When any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, or if its business has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, any creditor, *or any stockholder who owns at least ten per centum (10%) of the capital stock of the corporation,* may, in an action,

apply to the Superior Court for injunctive relief and the appointment of a receiver or receivers or trustees. * * *" (Emphasis added)

The most recent amendment to the statute, containing the aforesaid language, became effective on March 19, 1953 with the enactment of *L.* 1953, *c.* 14, § 18. The same language appeared in the 1937 revision of the statutes which became law on December 20, 1937, *L.* 1937, *c.* 188.

Before December 20, 1937 the language in the prior amendment to this statute, *L.* 1931, *c.* 221, enacted April 24, 1931, read as follows:

"Whenever any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, or if its business has been and is being conducted at great loss and greatly prejudicial to the interest of its creditors or stockholders, any creditor or stockholder, *or stockholders, provided such stockholder or stockholders own at least ten percentum of the capital stock of such corporation,* may by petition or bill of complaint setting forth the facts and circumstances of the case, apply to the Court of Chancery for a writ of injunction and the appointment of a receiver or receivers or trustee or trustees. * * *" (Emphasis added)

Thus the question presented is, Did the Legislature, by the enactment of *R. S.* 14:14–3 in 1937, intend to repeal the prior statute of 1931? Did it intend to change the statute which authorized the institution of such an action by *stockholders* who collectively owned 10% or more of the capital stock of a corporation to place greater restrictions on the right to institute such an action by requiring that such an action could not be instituted unless *one stockholder* plaintiff owned individually 10% of the capital stock?

If the contention of the defendant is to be sustained, we could very well have a situation where the stockholders of a corporation would be afforded no judicial relief if the management was conducting the corporate business at a great loss and greatly prejudicial to the interest of its stockholders. Where the stock of a corporation was widely distributed in individual holdings of less than 10% the

directors of a corporation could mismanage the same without necessary summary relief's being granted to its stockholders. I do not believe that this result was intended by the Legislature.

The statute in effect prior to 1931 granted any stockholder, regardless of the number of shares held by him, the summary relief of injunction and appointment of a receiver. See *L.* 1896, *c.* 185, § 65 (*C. S. p.* 1640, § 65). When the 1931 statute was adopted limiting the right to such relief only if *a stockholder or stockholders* owned at least 10% of the capital stock, it had for one of its objects the elimination of "strike suits."

An examination of the statute as amended by enactment of the *Revised Statutes of* 1937 indicates a slight change in verbiage from the preceding statute of 1931. One change made by the revisors was the elimination of the words *"or stockholders."*

As has frequently been stated by our courts with respect to the *Revised Statutes of* 1937,

"There is a presumption against a legislative intent to effect a change in substance by a revision of the general laws. Mere changes in phraseology and even the omission of words, do not of necessity overcome the presumption. The intention to effect a change in substance must be expressed in language excluding a reasonable doubt."

*Hartman v. City of Brigantine,* 42 *N. J. Super.* 247, 255 (*App. Div.* 1956); *Murphy v. Zink,* 136 *N. J. L.* 235, 244 (*Sup. Ct.* 1947), affirmed 136 *N. J. L.* 635 (*E. & A.* 1948). In *Murphy,* at *pp.* 244–245 the court also stated,

"While the Revision is a wholly independent enactment and supersedes all pre-existing general laws, *State v. Czarnicki* [*Supreme Court,* 1940], 124 *N. J. L.* 43, 45; nevertheless, it is the rule that a re-arrangement of the statutes, in a general revision of the law, does not usually change the statute's significations. *Pomeroy v. Mills* [*Court of Errors,* 1883], 37 *N. J. Eq.* 578, 580. Moreover a mere change in words or phraseology in a general revision does not change its effect, unless there is evidence of a legislative intention to work a change. *Leonard v. Leonia Heights Land Co.* [*Court of Errors and Appeals,* 1913], 81 *Id.* 489, 492."

If the statute as amended by the 1937 revision is to be construed to bar summary judicial relief to stockholders owning less than 10% individually but more than the required percentage collectively, then a substantial right held by minority stockholders has been eliminated. I am not satisfied that there is any evidence of legislative intention to effect such a change by the revision of the language of the statute as included in the 1937 revision.

Furthermore, *R. S.* 1:1–2 of the 1937 *Revised Statutes* stated,

"Unless it be otherwise expressly provided or there is something in the subject or context repugnant to such construction, the following words and phrases, when used in any statute and in the Revised Statutes, shall have the meaning herein given to them. \* \* \* \* \* \* \* \* \* \*

*Number; gender.* Whenever, in describing or referring to any person, party, matter or thing, any word importing the singular number or masculine gender is used, the same shall be understood to include and to apply to several persons or parties as well as to one person or party and to females as well as males, and to bodies corporate as well as individuals, and to several matters and things as well as one matter or thing."

It may well be that the revisors eliminated the word stockholders in *R. S.* 14:14–3 in view of the inclusion of *R. S.* 1:1–2 in the revision in their task of making necessary changes of phraseology and the omission of unnecessary words in the pre-existing general statutes.

I am satisfied that *N. J. S. A.* 14:14–3 means that any stockholder *or stockholders* who own individually or collectively at least 10% of the capital stock of a corporation can seek the judicial relief of injunction and the appointment of a receiver if the other requirements of the statute are met.

Accordingly, I will deny the motion by defendant to dismiss the complaint filed by the plaintiffs. An order in accord with this opinion, consented as to form or settled upon notice pursuant to *R. R.* 4:55–1, will be presented.