124 N.J. Super. 127 (1973)
305 A.2d 78
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANDREW J. LEICHT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 12, 1973.
Decided May 22, 1973.
*130 Mr. Stanley Van Ness, Public Defender, attorney for appellant (Mr. Donald B. Devin, designated attorney, of counsel and on the brief).
Mr. Martin F. Caulfield, Gloucester County Prosecutor, attorney for respondent.
Before Judges FRITZ, LYNCH and TRAUTWEIN.
PER CURIAM.
Defendant was found guilty in the Municipal Court of Swedesboro-Woolwich of a violation of N.J.S.A. 2A:119-2 (larceny). He was fined $150. After timely notice of appeal he was again found guilty after a trial de novo in the County Court. A new fine of $50 and $25 costs was imposed.
Defendant bottoms his appeal from the latter conviction on the following grounds:
(1) The court should have granted his motion to dismiss after the State had rested because there was no requisite proof of ownership of the goods in the party from whom the goods were allegedly stolen.
(2) Assuming proof of ownership and defendant's taking of the goods, the employer-employee relationship existing at the time of the taking completely dissipated an essential element in the crime charged, to wit, absence of consent by the owner of the taking of the goods.
(3) The evidence adduced was insufficient to support the verdict.
The facts are not complex. On September 14, 1970 defendant was employed by Morris Trucking Co. as a truck-driver and had been so employed for several years. Charles E. Morris, the owner of the trucking company, and his office manager, Albert B. Elwell, testified that sometime between 5:00 and 5:30 P.M. they observed defendant removing bags of material from the cab of his parked truck at the company's terminal and placing them in an automobile. The weather was clear and sunny. Defendant had been seen driving this same automobile on prior occasions. When first observed defendant was approximately 200 feet from Morris *131 and Elwell. They had traversed about 50 feet toward defendant when he got into the car and drove away. They entered their car and gave chase. They observed the car, later found to be registered in the name of Paschale Di Cintio, a fellow employee defendant, parked at a tavern about one-half mile away from the truck terminal. Upon examination they further observed nine 60-lb. bags of sugar in the vehicle of the value of about $7 a bag and called the police. Defendant and Di Cintio were present at the tavern premises. Defendant's own motor vehicle was also parked on the tavern premises. Defendant admitted that he had been at the tavern only a few minutes before Morris and Elwell arrived. Defendant took the stand and denied taking any goods or materials from the cab of his truck. It was uncontradicted that defendant drove the truck on the day of the alleged larceny; that Morris Trucking Co. had a contract to deliver sugar in 60-lb. bags to various supermarkets; that the brand name "Sue-Crest" was stamped on the bags of sugar found in the Di Cintio vehicle, as were a portion of the sugar bags loaded on defendant's truck on the date of the larceny; that on September 14, 1970 defendant's truck was loaded for delivery of sugar for which he signed a loading receipt; that defendant returned to the trucking terminal at the end of the day with receipts for delivery of all sugar previously loaded on his truck.
N.J.S.A. 2A:119-2, entitled "Stealing money, chattels and other articles, property and things," has been held to comprehend the common law offense of larceny. Gardner v. State, 55 N.J.L. 17 (Sup. Ct. 1892), aff'd 55 N.J.L. 652 (E. & A. 1893); 2 Schlosser, Criminal Laws of New Jersey (3d ed. 1970), § 66:2 at 218. As such it is the wrongful or fraudulent taking and carrying away by any person of the personal property of another, from any place, with a fraudulent intent to deprive the owner of his property. White v. Metropolitan Life Ins. Co., 118 N.J.L. 149, 151 (E. & A. 1937); State v. Bullitt, 64 N.J.L. 379, 381 (Sup. Ct. 1900); Gardner v. State, supra; State v. *132 Davis, 38 N.J.L. 176, 177 (Sup. Ct. 1875); State v. South, 28 N.J.L. 28, 29 (Sup. Ct. 1859).
The complaint, here pertinent, charged defendant with taking, stealing and carrying away nine 60-lb. bags of sugar, of the value of approximately $65, from a Morris Trucking Co. truck. The complaint did not allege that Morris Trucking Co. was the owner of the sugar nor did the State's case so prove. The most that one can conclude from the proofs is that someone other than Morris Trucking Co. or defendant, presumably the consignor-sugar company, owned the sugar. While defendant does not attack the sufficiency of the complaint filed in the municipal court, he does contend that proof of legal ownership in Morris Trucking Co. is an essential element of the crime charged and the absence of such proof is a fatal deficiency in the State's case. Indeed, even if the complaint had alleged the goods were the property of Morris Trucking Co., defendant cannot prevail on this point. State v. Trunfio, 58 N.J. Super. 445 (App. Div. 1959), is clearly dispositive. There, defendant was charged in an indictment with the larceny of whiskey alleged to be the property of a common carrier while en route to a consignee. In response to the same argument, here present, referable to lack of ownership in the carrier, the court held that it was not necessary to state the nature of the interest held by the party from whom the goods were taken. Proof that the interest of the one from whom the goods were taken was that of a common carrier was sufficient to sustain the indictment, again underscoring the principle that the essential element of larceny is not that the property belonged to or was owned by a specific person or entity but rather that it was the property of someone other than the thief. 58 N.J. Super. at 448. In the present case it is conceded that Morris Trucking Co., as a common carrier, lawfully possessed sugar on board its truck of which the defendant was the driver on the date of the alleged larceny.
Moreover, it has even been held that an indictment for larceny is not insufficient for the reason that it alleges the *133 owner of the property is unknown, State v. Cohen, 105 N.J.L. 529, 534 (Sup. Ct. 1929), and that larceny may even lie by one thief from another, State v. Brown, 72 N.J.L. 354, 356 (Sup. Ct. 1905), aff'd o.b. 73 N.J.L. 679 (E. & A. 1906). The proofs herein abundantly support the conclusion that the sugar found in Di Cintio's automobile was owned by someone other than defendant.
Defendant further contends that because, in his view, a larceny requires a stealing in the original taking, existence of consent of the legal owner or bailee to the possession of the property by another, as by handing it over to him or putting him in possession, generally negatives larceny. Here, defendant argues that assuming the goods were handed to him by his employer, the bailee of the true owner, the sugar company, then the foregoing proposition is called into play. Not so. While, in order to constitute larceny, it is a fundamental necessity that the property be taken without the consent of the owner or possessor and with animus furandi, that is, with the intent to deprive the owner or possessor permanently of the property taken, Adams v. State, 45 N.J.L. 448, 449-450 (Sup. Ct. 1883); 2 Wharton, Criminal Law and Procedure (Anderson 1957), § 452 at 80, there is persuasive authority that a taking by a servant or employee having bare charge of the property of another constitutes larceny, the property at the time of the taking being deemed in law to be in the possession of the master, the possession of the servant or agent being that of the master. 2 Schlosser, Criminal Laws of New Jersey (3d ed. 1970), § 66:8 at 222.
Here defendant had bare charge of the nine bags of sugar as the employee of the trucking company. His possession was that of his employer. Moreover, when defendant is the caretaker or other person having the mere custody of personal property, as distinguished from legal possession, he is guilty of larceny at common law or under the statutes declaratory of common law, when he feloniously appropriates the property to his own use. Seiden v. United States, 16 *134 F.2d 197, 198-199 (2d Cir.1926); Atkinson v. United States, 53 App. D.C. 277, 289 F. 935, 937 (1923); United States v. Strong, 27 Fed. Cas. P. 1356 (No. 16,411) (D.C. Cir.1878). Furthermore, the rule that a felonious intent must exist at the time of the taking and carrying away does not prevent a person receiving from another the bare charge or custody of the latter's property, from being held guilty of larceny when he subsequently forms the felonious intent to and does convert such property  this for the reason that the owner retains constructive possession, from which the taking and to which the trespass occurs, not at the time of the delivery by the owner, but at the time of the conversion. Dignowitty v. State, 17 Tex. 521, 67 Am. Dec. 670, 671 (Sup. Ct. 1856); People v. Call, 1 Denio 120, 43 Am. Dec. 655, 657 (N.Y. Sup. Ct. 1845); 2 Wharton, Criminal Law and Procedure (Anderson 1957), § 466 at 105-106; See generally, Annotation, "Larceny as affected by distinction between custody and possession," 125 A.L.R. 367 (1940); 50 Am. Jur.2d, Larceny § 93 at 271 (1970).
It thus becomes unnecessary to deal with the question of whether defendant was still in the course of his employment at the end of the day, after he had parked his truck at his employer's terminal and departed with the sugar. If he, indeed, took the sugar from the cab for his own designs, whether still in the course of his employment or not, there was a clear deviation from his assigned duties as an employee and he will thus be held accountable. Thus we conclude that a denial of defendant's motion for acquittal at the end of the State's case was proper.
Likewise, we conclude that there was sufficient evidence to support the verdict. A few minutes after Morris and Elwell had seen defendant remove bags of sugar from the cab of his truck and place them in an automobile and drive off, they identified the bags in the automobile they had seen leave the scene. If there is evidence of a sufficient quality to convince the jury beyond a reasonable doubt of *135 defendant's guilt, it does not matter that the evidence is circumstantial, particularly where unexplained and exclusive possession of stolen property a short time after a theft can justify an inference that the possessor is the thief, and the shorter the period of time between the theft and possession the stronger the inference becomes. State v. Dancyger, 29 N.J. 76, 84-85 (1959), cert. den. 360 U.S. 903, 79 S.Ct. 1286, 3 L.Ed.2d 1255 (1959).
Affirmed.