STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
HOWARD GREEN, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued August 28, 1979—Decided September 17, 1979.

Before Judges CRANE, BISCHOFF and MILMED.

*Ms. Monica R. Jacobson,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender of New Jersey, attorney; *Mr. Paul M. Klein,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. Roger Mitchell,* Deputy Attorney General, argued the cause for respondent (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney).

PER CURIAM.

Defendant was convicted of conspiracy to distribute a controlled dangerous substance and to commit larceny and embezzlement. He was also convicted of larceny of property valued at over $200. On appeal he contends: (1) it was error to deny his motion for judgments of acquittal; (2) it was error to deny his

new trial motion because the verdict was against the weight of the evidence, and (3) it was plain error to fail to dismiss the larceny charge because the property defendant was accused of taking was turned over to him with the knowledge and consent of its owner by prearrangement with the police.

The first two issues are so clearly meritless as to require no discussion. R. 2:11–3(e)(2). The last one, the subject of conflicting decisions elsewhere, has not previously been decided in any reported case in this jurisdiction.

In the present case the evidence would have allowed the jury to conclude that Larry Steel, a coconspirator, approached Donald Crowe, an employee of Rickel's Department Store. Steel offered to exchange drugs for store merchandise. Unknown to the would-be thief, the store employee was an undercover investigator employed by the store. He reported the incident to his supervisor and the police were called.

On the day of the planned theft Crowe, the store employee, and his supervisor gathered together the merchandise that Steel, the coconspirator, had asked for. While police officers watched, the goods were turned over to Steel, defendant and another man. The jury could have believed that defendant had been present during a prior conversation in the store with the undercover investigator and that he therefore had participated in the planning and execution of the crime.

After the goods were turned over to the three men and loaded into their truck, defendant drove away. Before he could leave Rickel's lot he was apprehended and arrested. Defendant contends that since the owner voluntarily surrendered custody and possession of the merchandise, trespass—an essential element of the crime of larceny—was lacking and he is entitled to a judgment dismissing the larceny charge.

Larceny is "the wrongful or fraudulent taking and carrying away by any person of the personal property of another, from any place, with a fraudulent intent to deprive the owner of his

property." *State v. Leicht,* 124 *N.J.Super.* 127, 131 (App.Div. 1973). It is fundamental that the property must be taken without the consent of the owner. *Id.* at 133. Ordinarily, larceny is not committed where property is taken "with the full knowledge and consent of the owner or his authorized servant or agent, however guilty may be the taker's intent." 50 *Am.Jur.* 2d, *Larceny,* § 23 at 175.

Nevertheless, it is sometimes difficult to determine whether the owner has consented to the taking. The difficulties have been summarized in this way:

* * * There is no * * * larceny in cases where the owner parts with his personal property voluntarily and with knowledge that the taker intends to appropriate it to his own use. * * * [I]f the owner * * * voluntarily parts with both the possession and the title to the alleged thief, not expecting the goods to be returned to him or to be disposed of in accordance with his directions, then neither the taking nor the conversion amounts to larceny * *. A felonious conversion of another's property by one having bare charge or custody of it involves a trespass and constitutes larceny, notwithstanding that such custody was acquired with the consent of the owner. [50 *Am.Jur.*2d, *supra,* § 23 at 175–176]

Courts in some jurisdictions have drawn rather fine distinctions where owners of property have given it over to a would-be thief with the purpose of apprehending him. In Annotation, "Larceny: Entrapment or Consent," 10 *A.L.R.*3d 1121, 1125 (1966), these distinctions were summarized as follows:

Where a property owner, having knowledge of a larcenous scheme, furnishes the property to be handed over to the accused, he may be held to have consented to the taking so that the accused is not guilty of larceny. * * *

On the other hand,

An owner's authorization of his employee to participate in a larcenous enterprise planned by the accused has been held not to constitute entrapment or consent to the taking. The participation of a coconspirator who has informed on the other conspirators has also been held not to constitute entrapment or consent. [*Id.* at 1125]

There is respectable authority to the effect that there can be no larceny when a property owner willingly turns his property over to a would-be thief in order to apprehend him. *People v.*

*Seligman,* 35 *A.D.*2d 591, 313 *N.Y.S.*2d 593 (App.Div.1970), aff'd 28 *N.Y.*2d 788, 321 *N.Y.S.*2d 901, 270 *N.E.*2d 721 (Ct.App.1971), rearg. den. 29 *N.Y.*2d 514, 323 *N.Y.S.*2d 982, 272 *N.E.*2d 490 (Ct.App.1971). There defendants engaged in a scheme to solicit money illegally. They convinced one property owner to turn $5,000 over to them to be used as a bribe for a nonexistent government official. They approached a second property owner, who reported to the police. When he turned the money over to defendants the police immediately arrested them. The New York Appellate Division held:

> \* \* \* [U]nder no view of the evidence can defendants be deemed guilty of consummated or attempted *common-law* larceny. The essence of common-law larceny is the taking of property without the owner's consent. [Citation omitted.] Neither Schiller nor Roe [the victims] involuntarily parted with his money. Therefore these convictions must be reversed (see *People v. Rollino,* 37 *Misc.*2d 14, 233 *N.Y.S.*2d 580 (1962). [313 *N.Y.S.*2d at 598; emphasis in original]

In *People v. Rollino,* 37 *Misc.*2d 14, 233 *N.Y.S.*2d 580 (Sup.Ct. 1962), the court also concluded that a would-be thief could not be guilty of larceny "when the coveted property is turned over to him with the knowledge and consent of the owner, by one of its agents, by pre-arrangement with the police, in order to supply a basis for the miscreant's criminal prosecution." 233 *N.Y.S.*2d at 581. See also, *State v. Durham,* 196 *N.W.*2d 428 (Iowa Sup.Ct.1972), where the court held that a defendant could not be guilty of larceny because the owner turned money over to him so that the police could observe the transaction and arrest defendant.

Nevertheless, courts in other jurisdictions on similar facts have reached the opposite conclusion. In 10 *A.L.R.*3d, *supra* at 1134, the author states:

> There is another set of cases where someone is approached with a proposition to participate in a larceny, but communicates with the police or with his employer before he consents to participate, and is told to pretend to join in the plan to commit larceny. In such cases it has been held that the prior knowledge on the

part of the police or the employer who usually communicates with the police about the matter, does not constitute consent or entrapment.

See *State v. Smith,* 33 *Nev.* 438, 117 *P.* 19 (Sup.Ct.1911); *Commonwealth v. Dougherty,* 18 *Pa.Dist.* 857, 37 *Pa.Co.* 62 (D.Ct. 1909); *Jarrott v. State,* 108 *Tex.Cr.R.* 427, 1 *S.W.*2d 619 (Ct. Crim.App.1927); *State v. Peterson,* 109 *Wash.* 25, 186 *P.* 264 (Sup.Ct.1919). We believe that these cases are better-reasoned and adopt the rule articulated in them.

In this case the owner of the property, at best, gave mere custody to defendant and his accomplices. It has been held "that one to whom property is delivered by the owner for some limited, special, or temporary purpose may be regarded as having its custody only, and as capable of committing larceny thereof." *Wharton's Criminal Law and Procedure* (Anderson 1957), § 466 at 107. Like the owner of the property in *State v. Leicht, supra,* 124 *N.J.Super.* at 133, this owner retained constructive possession of the property and when defendant received the property for a limited and temporary purpose he had "bare charge" of it. The owner did not consent to defendant's taking the property away.

We find no plain error in the trial judge's failure to dismiss the larceny charge.

Affirmed.