178 N.J. Super. 393 (1981)
429 A.2d 385
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GREGORY GALIYANO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 1981.
Decided March 27, 1981.
*394 Before Judges SEIDMAN, ANTELL and LANE.
Lewis M. Seaqull, Designated Attorney, argued the cause for appellant (Stanley C. Van Ness, Public Defender, attorney).
*395 Roger S. Mitchell, Deputy Attorney General, argued the cause for respondent (John J. Deqnan, Attorney General of New Jersey, attorney).
The opinion the court was delivered by LANE, J.A.D.
This appeal was argued before Judges Seidman and Lane. Thereafter the attorneys for the parties consented to have Judge Antell participate in the decision. The decision and this opinion are by Judges Seidman, Antell and Lane.
Defendant was indicted for kidnapping (count 1), threat to take a life (count 2) and atrocious assault and battery (count 3). He was found guilty of count 3 and sentenced to the New Jersey State Prison for a minimum of one year and a maximum of three years. The incident that forms the basis of the indictment occurred October 24, 1978. The trial began November 13, 1979.
On appeal defendant urges that there was insufficient evidence to support the conclusion beyond a reasonable doubt that he had aided and abetted the commission of the crimes; that the exclusion of certain prior inconsistent statements of the victim deprived him of a fair trial; that the trial judge's failure to apply the procedural provisions of N.J.S.A. 2C:1-1 by placing the burden of proof of duress upon defendant deprived him of a fair trial, and that, taken as a whole, the charge was unfair and deprived him of a fair trial. We reverse on the ground that the trial judge's failure to apply the procedural provisions of N.J.S.A. 2C:1-1 so far as they applied to the burden of proof of the affirmative defense of duress was clearly capable of producing an unjust result.
State v. Toscano, 74 N.J. 421, 442 (1977), revised the common law to establish that duress would be a defense to a crime other than murder "if the defendant engaged in conduct because he was coerced to do so by the use of, or threat to use, unlawful force against his person ... which a person of reasonable firmness in his situation would have been unable to resist." *396 Duress, as an affirmative defense, is a matter of substantive law. The burden of proof, however, is a procedural matter within the meaning of N.J.S.A. 2C:1-1(c)(1). State v. Molnar, 81 N.J. 475, 488 (1980).
Although defendant did not testify, sufficient evidence was adduced to support the defense and require its submission to the jury. Defendant requested the trial judge to charge the jury concerning duress under N.J.S.A. 2C:1-1 et seq. Later in the trial the attorney was asked why the instruction should be given under the new Code of Criminal Justice when the offense occurred before the effective date of the Code. The attorney replied that there was no objection to the judge charging on the equivalent charge in the old Code. The effect of not charging the jury under N.J.S.A. 2C:1-1 et seq. was that defendant had the burden of proving the affirmative defense of duress by a preponderance of the evidence, as established by State v. Toscano, supra, 74 N.J. at 443.
State v. Toscano was decided June 27, 1977. It established a change in the common law so that a defendant could raise the affirmative defense of duress as to any crime other than murder. The court stated (at 442) that in establishing the rule it had "deliberately followed the language of the proposed New Jersey Penal Code" and that it expected trial judges "to frame their jury charges in the same terms." In placing upon defendant the burden of persuasion on the issue of duress, the court stated:
In this case, however, we think it more appropriate as a matter of public policy to follow the practice utilized in insanity cases and to require the defendant to prove the existence of duress by a preponderance of the evidence. [at 443]
The court was not construing the then pending New Jersey Code of Criminal Justice. That Code was not adopted until August 10, 1978, to be effective September 1, 1979. It is the Legislature that is primarily responsible for public policy. A court cannot override legislative decisions because their policy may be unappealing. McKenney v. Byrne, 82 N.J. 304, 314 *397 (1980); White v. North Bergen Tp., 77 N.J. 538, 554 (1978); Vornado, Inc. v. Hyland, 77 N.J. 347, 355-356 (1978), app. dism. 439 U.S. 1123, 99 S.Ct. 1037, 59 L.Ed.2d 86 (1979); A. & B. Auto Stores of Jones St., Inc. v. Newark, 59 N.J. 5, 19 (1971). In Hopewell Baptist Church of Newark v. Gary, 111 N.J. Super. 1, 5 (App.Div. 1970), aff'd o.b. 57 N.J. 166 (1970), we stated that the Legislature was the governmental branch best equipped to discern and enunciate public policy.
The Legislature has prescribed in N.J.S.A. 2C:1-13(a) that no person may be convicted of an offense unless each element of such offense is proved beyond a reasonable doubt. Subsection (b) makes it clear that the State must disprove an affirmative defense when there has been evidence supporting such defense unless the Code or another statute requires defendant to prove by a preponderance of evidence or some other standard the affirmative defense. N.J.S.A. 2C:2-9, which establishes duress as an affirmative defense, does not require a defendant to prove such defense, nor does any other statute. In N.J.S.A. 2C:1-1(c)(1) it is provided that the procedural provisions of the Code will govern any case that is pending after the effective date of the Code but involving an offense committed prior to that date. Since the burden of proof is a procedural matter, State v. Molnar, supra, 81 N.J. at 488, the State had the burden of disproving the affirmative defense of duress unless confusion or delay would have been introduced at the trial. N.J.S.A. 2C:1-1(c)(1). Unlike State v. Molnar, supra, 81 N.J. 475, the trial of this case was after the effective date of N.J.S.A. 2C:1-1 et seq. There would have been no confusion or delay introduced at the trial as a result of complying with the procedural provision referred to.
Although defendant's attorney acquiesced in the judge charging the burden of proof as it existed at the time of the crime, such charge constituted a manifest injustice to defendant. *398 There are few aspects of the charge of more importance to a defendant than the proper allocation of the burden of proof. Accordingly, we notice the failure of the trial judge to charge as requested as plain error requiring reversal of the judgment and a new trial.
When the victim was on the witness stand he was cross-examined by defendant as to a tape recording and an affidavit that he had given to defendant's attorney on August 7, 1979. He admitted he had given the affidavit and the tape recording. Defendant requested an audibility hearing on the tape recording so that it could be offered into evidence, and did offer into evidence the affidavit. The trial judge sustained the State's objection, stating:
I agree that it is improper to move the statement. You cross-examined him on it. If you put the statement in, then that becomes superior or more important, and stands out in the jury's mind more than the testimony itself. They have the testimony concerning the statement. The offer is rejected.
Although it is not clear from what the trial judge said, it would appear that he sustained the objection and held that the tape and affidavit were inadmissible because the victim had admitted their contents in cross-examination and they therefore were not inconsistent with his testimony. Both of these exhibits constituted prior inconsistent statements admissible as substantive evidence under Evid.R. 63(1)(a). State v. Maddox, 153 N.J. Super. 201, 209 (App.Div. 1977); State v. Cole, 154 N.J. Super. 138, 143 (App.Div. 1977), certif. den. 78 N.J. 415 (1978). Their exclusion from evidence was error. At the retrial if the exhibits are offered they should be admitted into evidence.
The other points on appeal we find to be clearly without merit.
The judgment of conviction is reversed and the matter remanded for disposition at the trial level. Jurisdiction is not retained.