186 N.J. Super. 375 (1982)
452 A.2d 710
STATE OF NEW JERSEY, PLAINTIFF,
v.
ROBERT COMBARIATI, DEFENDANT.
Superior Court of New Jersey, Law Division Bergen County.
Decided June 4, 1982.
*376 Roger W. Breslin, Jr., Bergen County Prosecutor for the State (Edward Cillick, Asst. Prosecutor, appearing).
Aronsohn & Springstead for defendant (Harold N. Springstead, appearing).
MINUSKIN, J.S.C.
The sixth count of the indictment under which defendant was brought to trial charged him with theft, pursuant to N.J.S.A. 2C:20-3 a, of the controlled dangerous substance ("C.D.S.") Tranxene. These prescription pills were contained in the purse which defendant allegedly snatched from the victim. The court set forth in its charge to the jury the elements under N.J.S.A. 2C:20-3 a necessary to convict defendant of theft on this specific count.
During its deliberations the jury asked the question, and thereby raised the issue, of whether it was necessary for defendant to have had prior knowledge that the pills were in the purse he stole in order to be convicted of theft of the Tranxene pursuant to N.J.S.A. 2C:20-3 a.
Defendant asserts that an individual cannot have the required state of mind to be criminally liable for the theft of property unless he has knowledge of the specific nature of that property. Moreover, he argues that a contrary conclusion of law would leave the way open to fraudulent allegations of fact. Defendant hypothesizes that a woman could falsely claim for purposes of insurance reimbursement that she had diamonds in her purse and thereby subject a defendant to a greater criminal exposure under our Code of Criminal Justice.
*377 The State argues that defendant need not have known the specific content of the purse at the time he took the purse to be charged with theft of Tranxene. Rather, the specific nature and value of the property stolen, which the State must prove beyond a reasonable doubt, are relevant only to the grading of an offense committed under N.J.S.A. 2C:20-3 a. The court agrees.
At common law larceny is defined as the "felonious taking and carrying away of the personal goods of another." 4 Bl. Com'n. 229, ___. And this animo furundi  that is, with the intent to steal. Ibid. 232. See, also, Gardner v. State, 55 N.J.L. 17." Downs v. N.J. Fidelity & Plate Glass Ins. Co., 91 N.J.L. 523, 525 (E. & A. 1917). N.J.S.A. 2A:119-2 embodied though embellished this common law definition.[1] The New Jersey Code of Criminal Justice has in turn revised and consolidated all theft offenses under N.J.S.A. 2A:119-1 et seq. N.J.S.A. 2C:20-2 a.
Our Supreme Court has stated that the court "will not attribute to the Legislature an intent to depart from the common law unless the intent is unmistakable." Union Beach Bd. of Ed. v. N.J.E.A., 53 N.J. 29, 46 (1968). The intent of the Legislature is clear, as is provided in N.J.S.A. 2C:1-5 a:

Common law crimes are abolished and no conduct constitutes an offense unless the offense is defined by this code or another statute of the State. [Emphasis supplied]
*378 Accordingly, not only is the common law crime of larceny abrogated but the presumption that exists "against legislative intent to effect change in substance by revision of general laws. [e.g., N.J.S.A. 2A:1-1 et seq]" is thereby rebutted. Hartman v. Brigantine, 42 N.J. Super. 247, 255 (App.Div. 1956); Bruning v. Peralex of N.J. Inc., 76 N.J. Super. 184, 187 (Ch.Div. 1962).
Statutory construction of the Code reveals, however, that though expressly abrogating the letter of prior law, the Legislature has intended to carry forward the essence of larceny as defined at common law and under N.J.S.A. 2A:1-1 et seq. The essential element of larceny is that the item taken, regardless of its value was the property of someone other than the thief. State v. Trunfio, 58 N.J. Super. 445, 448 (App.Div. 1959); State v. Taylor, 132 N.J. Super. 386, 390-391 (Cty.Ct. 1975). Indeed, nowhere in prior law is there the additional requirement that a person have prior knowledge of the precise nature and value of the property taken in order to be convicted of larceny. Similarly, it is apparent that the Legislature did not intend by promulgating the Code to burden the State with this additional element.
N.J.S.A. 2C:20-3 a, under which the defendant is charged, closely parallels the common law definition of larceny when it provides that
A person is guilty of theft if he unlawfully takes or exercises unlawful control over movable property of another with purpose to deprive him thereof.
However, in State v. DeMarco, 174 N.J. Super. 411 (Law Div. 1980), which discussed the meaning of another section of the Code, the court enunciated a canon of statutory construction and ruled that

N.J.S.A. 2C:52-7 cannot be construed in a vacuum. The meaning of particular language must be gleaned not only from the words used within the confines of a particular statutory section involved, but from those words when read in connection with the entire enactment of which it is an integral part. Petition of Sheffield Farms Co., 22 N.J. 548, 554 (1956) [at 416]
The reading of N.J.S.A. 2C:20-3 a in pari materia with other sections of the Code dispels any contention that the Legislature intended either explicitly or implicitly that a conviction for theft *379 of C.D.S. is premised on defendant's subjective knowledge of its actual presence in a snatched purse.
N.J.S.A. 2C:20-3 a, when read in conjunction with N.J.S.A. 2C:20-2 c(1), reveals that the only time knowledge is relevant within the context of a charge of theft under N.J.S.A. 2C:20-3 a is if defendant raises the affirmative defense of claim of right. Only at such time that defendant produces some evidence that he was unaware that the property belonged to another, must the State then prove, beyond a reasonable doubt, that defendant knew the property did not belong to him. N.J.S.A. 2C:1-13 c(1); N.J.S.A. 2C:1-13 b(1); State v. Galiyano, 178 N.J. Super. 393, 397 (App.Div. 1981). Furthermore, the specific nature and value of the property taken is directed and addressed in N.J.S.A. 2C:20-2 b in which theft offenses are graded for purposes of sentencing. This further indicates the Legislative intent to relate the nature and value of the stolen property solely to the seriousness of the offense and not to the issue of guilt on a charge pursuant to N.J.S.A. 2C:20-3 a.
This conclusion is further supported by applying the maxim expressio unius est exclusio alterius to a comparative analysis of N.J.S.A. 2C:20-3 and N.J.S.A. 2C:20-7. Under this canon of construction "it is generally held that where the Legislature makes express mention of one thing, the exclusion of the other is implied [citation omitted]." Shapiro v. Essex Cty. Freeholder Bd., 177 N.J. Super. 87, 94 (Law Div. 1980). See Resnick v. East Brunswick Bd. of Ed., 77 N.J. 88 (1978); Reilly v. Ozzard, 33 N.J. 529 (1961).
In N.J.S.A. 2C:20-7 the Legislature expressly provided that the State must prove, in addition to the fact that the property was another's, that defendant knew that it is stolen property. Conversely, the description of the nature of the property in N.J.S.A. 2C:20-3 a is limited to the fact that it is the property of another. Neither a more specific attribute of the property nor defendant's knowledge of the same are elements of the crime. Had the Legislature intended to so augment N.J.S.A. 2C:20-3 a it would have expressly done so, as it did in N.J.S.A. 2C:20-7.
*380 The court's statutory construction is supplemented by its cognizance of the "breadth of the objectives of the legislature and common sense of the situation [citations omitted]." Jersey City Chapter, Property Owners v. Jersey City, 55 N.J. 86, 100 (1969). To permit a defense of knowledge for an offense charged under N.J.S.A. 2C:20-3 a would provide an unwarranted loophole to be used by perpetrators in order to defeat the intent of the Legislature. Common sense and experience dictates that a purse snatcher is less interested in the intrinsic value of the purse than in the fortuitous treasure trove he hopes to find inside. It is reasonable to assume, and the jury may find, that a person's purpose under such circumstances is to deprive another of the content of the purse, whatever that may be.
The court is not persuaded by defendant's attempt to raise the spectre of fraudulent claims by the victim. The State retains the burden of proving to the trier of fact, beyond a reasonable doubt, what was taken and either the intrinsic value, e.g., money, or market value of the property. N.J.S.A. 2C:20-2 b(4).
Although research has not uncovered New Jersey case law directly on point, statutory construction and common sense support the holding that prior "[k]nowledge of the existence of a specific article is not required if the defendant unlawfully acquires possession of a container [e.g., purse] in which the article is thereafter found by him." 3 Wharton's Criminal Law (14th ed. Torcia 1980) § 360 at 320. Other state courts, moreover, come to the same conclusion. Commonwealth v. Schraffa, 2 Mass. App. 808, 308 N.E.2d 575, 576 (Mass. App. 1974); People v. Earle, 222 Cal. App.2d 476, 35 Cal. Rptr. 265, 266 (D.Cr.App. 1963); Stevens v. State, 19 Neb. 647, 28 N.W. 304, 306 (Sup.Ct. 1886). It is therefore appropriate to deal with the nature and value of the specific article stolen in the determination by the jury of the seriousness of the crime, and ultimately by the judge in setting sentence where the punishment may then fit the crime.
*381 Accordingly, the court finds that it is not necessary for defendant to have prior knowledge that the stolen purse contained C.D.S. for him to be convicted of theft of C.D.S. pursuant to N.J.S.A. 2C:20-3 a. The jury will therefore be instructed as follows:
In your deliberations you are further instructed that it is not necessary for the State to prove that the defendant had prior knowledge that the victim's purse contained C.D.S. in order for you to convict him of a theft of the C.D.S.
NOTES
[1] 2A:119-2. Stealing money, chattels and other articles, property and things

Any person who:
a. Steals any money, goods, chattels or other personal property of another; or
b. Digs, pulls, pulls up, picks, gathers, breaks, rips, cuts, severs, roots up, or otherwise destroys or damages, carries away or unlawfully appropriates, with intent to steal, any real or personal property of another, or any part thereof; or
c. Willfully kills any animal with intent to steal it or any part thereof, the property of another 
Is guilty of a misdemeanor, if the price or value of such property be under $200.00, and if the price or value thereof be $200.00 or over such person is guilty of a high misdemeanor.