[Crim. No. 8946. Second Dist., Div. Four. Nov. 20, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN HENRY EARLE, Defendant and Appellant.

A. Brigham Rose for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Louis L. Selby and David Rothman, Deputy Attorneys General, for Plaintiff and Respondent.

---

[12] CALJIC No. 308B and 309.

JEFFERSON, J.—Defendant appeals from a judgment of conviction of grand theft in which a prior felony conviction was found to be true. The following is a summary of the evidence presented:

Sol Halfan was an employee of the Morningside Medical Pharmacy in Los Angeles. On June 12, 1962, he was working behind the prescription counter in the pharmacy. The store's receipts for deposit in the bank, were kept in a moneybag which was placed behind this counter. This area of the store was not open to the public, and the only access to the area was through a private storeroom or through a gate in the front of the counter. At approximately 10 a.m. Halfan was making change at a cash register when he noticed defendant hunched down behind the counter near the spot where the moneybag had been placed. He called to defendant, "Hey, you, what are you doing there?" Whereupon, defendant picked up the moneybag, and carrying it under his arm, ran out of the store. Halfan gave pursuit, chasing defendant around the block twice before overtaking him on a side street. During the chase, Halfan never lost sight of defendant or of the moneybag which defendant had taken from the store.

Milton Cook was a customer in the pharmacy at the time defendant took the moneybag and ran out of the store. Ronald Terry was standing outside. Both men joined Halfan in the chase and helped to apprehend defendant.

James V. Brown of Los Angeles Police Department arrived at the scene and placed defendant under arrest. The officer untied the moneybag, emptied its contents, and observed that the bag contained cancelled checks made out to "Morningside Pharmacy," and $245.38 in cash.

Leland Yee, an employee of the Morningside Pharmacy, testified that he had placed more than $200 in the bag taken by defendant. Halfan testified that defendant did not have permission to take this money.

Defendant neither took the stand nor offered evidence in his behalf.

Defendant contends his conviction must be reversed because the prosecution failed to establish that he knew, or had any reason to know, the contents of the moneybag at the time he took it. No such knowledge, however, is necessary to sustain the conviction. What is important here is that defendant intended to steal the bag whatever its contents. The evidence clearly establishes that intent. It is not necessary that he knew its contents in advance. The essential elements

of larceny are: The taking and asportation of property; from the possession of another; without his consent; and with the intent, without claim or right to wholly deprive the owner or possessor, of possession thereof. (*People* v. *Williams*, 73 Cal. App.2d 154, 157 [166 P.2d 63].) "When the money, ... or personal property taken is of a value exceeding two hundred ($200) ... then the same shall constitute grand theft." (Pen. Code, § 487, subd. 1.)

The evidence reflects all of these elements were present.

Judgment of conviction affirmed.

Burke, P. J., and Kingsley, J., concurred.