COMMONWEALTH *vs.* DAVID J. SCHRAFFA.   March 22, 1974.   The defendant appeals under G. L. c. 278, §§ 33A-33G, from his conviction on charges of operating a motor vehicle without authority after revocation of his license and of larceny of more than $100.   A State police officer assigned to the Logan International Airport was in his cruiser on a service road near the freight area at the airport on the night of January 8, 1973.   A truck bearing the markings of the D & J Motor Company, Inc., moving at excessive speed with its lights out, almost collided with the police cruiser.   The area was well-lighted and the officer was able to observe the driver, whom he later identified as the defendant, from a distance of approximately eight feet.

The officer gave chase. Shortly thereafter the truck was found abandoned on a nearby street. In the truck were eleven or twelve packages wrapped as freight. The defendant testified that he was familiar with the area in which the D & J Motor Company, Inc., was located as he had worked there at one time for a period of five months cleaning office buildings. At the outset of the trial the identity of the owner of the merchandise was stipulated by the Commonwealth and the defendant, as was the fact that the goods alleged to be stolen were in the custody of D & J Motor Company, Inc., a common carrier engaged in the express business. It was also stipulated that any use of the motor vehicle was without the authority of the owner. The judge instructed the jury, inter alia, that larceny was the taking of personal property with the intent to deprive the owner permanently of its use and that personal property was any property whether or not the defendant knew what it was. He further instructed them that there were packages, as described, in the rear of the truck that constituted personal property and that if the jurors found that the defendant took this truck with these goods in it and did it "with the intent to deprive the owner permanently of the use of those goods," they would be warranted in finding him guilty. The question argued is whether the trial judge erred in refusing to instruct the jury that the defendant could not "have intent to steal merchandise that he did not know the existence of." The pertinent statute, G. L. c. 266, § 30, as amended through St. 1968, c. 737, § 10, requires not only that property be taken but also that there be an intent to steal. With respect to the element of intent, the judge properly charged the jury that intent is to be ascertained by an analysis of all the evidence and circumstances disclosed at the trial. *Commonwealth* v. *Ronchetti*, 333 Mass. 78, 81 (1955). *Commonwealth* v. *Eppich*, 342 Mass. 487, 493 (1961). The jury could find that the defendant intended to steal whatever the truck contained although its contents may have been unknown to him when the truck was taken. *People* v. *Earle*, 222 Cal. App. 2d 476, 477 (1963). We think, therefore, that the instruction requested by the defendant was properly denied. The judge rightly concluded that such intent may be present although the nature of the property being taken may not be known to the person taking it.

*Judgments affirmed.*

*David M. Skeels* for the defendant.

*Richard A. Hannaway*, Assistant District Attorney, for the Commonwealth.