Christopher CHADWELL *v.* STATE of Arkansas

CA CR 91-124                                                822 S.W.2d 402

Court of Appeals of Arkansas
Division I
Opinion delivered January 22, 1992

*William R. Simpson, Jr.*, Public Defender, and *Omar F. Greene II*, Deputy Public Defender, by: *Thomas B. Devine III*, Asst. Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Christopher Chadwell was charged with breaking or entering and class C felony theft of property, and was convicted of both crimes at a non-jury trial. He appeals only from the theft conviction, contending that the trial court erred in not reducing it to a misdemeanor. We find no error and affirm.

The evidence reflects that on April 14, 1990, Gerard Joubert, the operator of Joubert's Tavern, observed a car stop on the parking lot of the tavern. Appellant got out of the car and went into the tavern for a moment. Appellant then returned to the parking lot, where Joubert saw him removing property from a vehicle which he knew belonged to Ed Morgan. When Joubert came out of the tavern, appellant fled to the car in which he had arrived and attempted to enter it through a window. Joubert apprehended him and held him until police arrived.

Ed Morgan testified that a jacket had been taken from his vehicle and that, at the time of the taking, his wallet had been in one of its pockets. He also testified that the wallet contained his driver's license and a credit card. The jacket was found partially hidden on the backseat of the vehicle appellant had attempted to enter. Morgan's wallet was found later that evening lying on the parking lot near the area where Morgan's car had been parked. In Morgan's opinion, the value of the jacket and wallet did not exceed $140.00.

At the close of the evidence, appellant moved that the felony theft charge be reduced to a misdemeanor because there was no proof that he knowingly took the wallet and credit card, and the evidence established that the value of the coat and wallet would only sustain a conviction of misdemeanor theft. The trial court agreed that the value of the stolen articles did not equal the amount required to constitute a class C felony under Ark. Code Ann. § 5-36-103(b)(2)(A) (Supp. 1991), but held that the theft

of the credit card alone constituted a class C felony under § 5-36-103(b)(2)(D).

Arkansas Code Annotated § 5-36-103(a)(1) (Supp. 1991) provides that one commits theft of property if he knowingly takes or exercises unauthorized control over the property of another person with the purpose of depriving the owner thereof. Subsequent provisions of § 5-36-103 classify the degree of the crime of theft based largely on the value of the property stolen. Where the value of the property does not exceed $200.00, the crime is ordinarily classified as a misdemeanor. However, subsection (b)(2)(D) provides that theft of property is a class C felony if the property is a credit card. Credit cards are singled out in the statute for special treatment regardless of value since such items almost invariably end up in illicit channels where they are used to commit additional offenses. *See* Commentary to Ark. Code Ann. § 5-36-103 (1987).

Appellant first contends that the evidence is insufficient to support his conviction for felony theft of property. He argues, as he did in the trial court, that since there was no proof that he knew that the jacket contained the wallet or that the wallet contained a credit card, he could not be held to have knowingly taken control of the credit card. We do not agree.

A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist. Ark. Code Ann. § 5-2-202(2) (1987). Criminal purpose or intent is a state of mind that is not ordinarily susceptible to proof by direct evidence. It may be inferred from facts and circumstances shown to have existed at the time. *Alford* v. *State*, 33 Ark. App. 179, 804 S.W.2d 370 (1991); *Cristee* v. *State*, 25 Ark. App. 303, 757 S.W.2d 565 (1988).

In this context, Ark. Code Ann. § 5-36-103(a)(1) requires only that one knowingly take unauthorized control over the property of another; it does not require that he know either the value or the true character of the property taken. Here, the court could easily find from the evidence that appellant knowingly took control of the jacket, whatever its pockets may have contained, with the intent of depriving the owner. Knowledge on his part of the contents of the pockets was not necessary for conviction. The

unauthorized taking of the jacket, which contained the wallet and the credit card, was one act, and the party committing it is liable for all of the property thus taken by him. *See People* v. *Earle*, 222 Cal. App. 2d 476, 35 Cal. Rptr. 265 (1963); *Stevens* v. *State*, 19 Neb. 647, 28 N.W. 304 (1886); *see also* 3 *Wharton's Criminal Law* § 360 (14th ed. 1980).

■ Appellant also contends that the proof did not strictly conform to the information. However, appellant never objected on these grounds in the trial court, and we do not address issues raised for the first time on appeal. *Walker* v. *State*, 303 Ark. 401, 797 S.W.2d 447 (1990); *Bell* v. *State*, 296 Ark. 58, 757 S.W.2d 937 (1988).

Affirmed.

COOPER and DANIELSON, JJ., agree.