THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARLA D. MONEYHAM, Defendant-Appellant.

Second District   No. 2—00—0211

Opinion filed July 30, 2001.

G. Joseph Weller and Linda A. Johnson, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Robert L. Agusto, of Lyle & Slaughter, P.C., of Chicago, for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Carla D. Moneyham, was charged by information in the circuit court of Lake County with theft (720 ILCS 5/16—1(a)(1)(A) (West 1998)). The charging instrument described the stolen property as a credit card belonging to Patrick Foster. Following a bench trial, defendant was found guilty and sentenced to a one-year term of conditional discharge and a $250 fine. The record reflects that defendant was also charged with criminal trespass to real property (720 ILCS 5/21—3 (West 1998)), although the record does not contain the charging instrument. The State nol-prossed the trespass charge during the hearing on defendant's posttrial motion. The only issue raised on appeal is whether defendant was proved guilty of theft beyond a reasonable doubt. We conclude that she was and we affirm her conviction.

The following evidence was introduced at trial. Patrick Foster testified that he owned rental property in Zion, Illinois, including a two-story apartment leased to defendant from May 1, 1998, to April 30, 1999. Foster allowed defendant to remain on the premises an extra week after the lease expired in order to clean the apartment. While Foster was unsure exactly when defendant vacated the apartment, he testified that he changed the locks on May 7, 1999. On the morning of May 17, 1999, while Foster was cleaning and painting the apartment with the help of his friend Alex, defendant forced her way into the apartment. Foster proceeded upstairs, where he called the police on his cellular telephone. Alex remained on the first floor, but defendant followed Foster upstairs to the bedroom, which Foster had started painting. Defendant demanded that Foster return her security deposit. At some point defendant's boyfriend, Tony, joined the pair in the upstairs bedroom. Tony threatened to beat Foster up if he did not return the security deposit. During the confrontation, Foster observed defendant bend down and pick up what he described as a small plastic vinyl bag or jacket and clip from the bedroom floor. (For convenience we will refer to this item as the "vinyl jacket.") According to Foster's

testimony, he kept his work identification and "time card," driver's license, Social Security card, cash station card, and a Visa credit card in the vinyl jacket. Foster testified that defendant placed the vinyl jacket somewhere in her clothes.

In response to continued intimidation from defendant's boyfriend Tony, Foster agreed to refund the disputed security deposit, and Tony left the apartment. Defendant remained, however, and demanded that the security deposit be returned immediately. Eventually, a police officer arrived and Foster told the officer he wanted defendant to leave the premises. Foster did not mention to the officer that defendant had placed his vinyl jacket in her clothing. After a conversation with the police officer, defendant left the apartment. About 20 minutes later, Foster realized that defendant had not returned the vinyl jacket. Foster called the police again and unsuccessfully searched the apartment for the vinyl jacket. Foster testified that defendant returned to the apartment the next day, but he did not let her inside. She left after knocking on the door for about five minutes.

Defendant testified that while speaking with Foster on May 17, 1999, she noticed some object on the bedroom floor but did not know whether it was the vinyl jacket Foster described. Defendant denied taking the vinyl jacket, the Visa card, or any other items. Defendant also denied returning to the apartment the following day. Based upon this evidence, the trial court found defendant guilty of theft and criminal trespass to real property. The trial court specifically found that Foster was a credible witness. As previously noted, the trespass charge was later nol-prossed. After denying her posttrial motion, the trial court sentenced defendant to a one-year term of conditional discharge and a $250 fine. This appeal followed.

●1 "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). When the defendant challenges the sufficiency of the evidence, it is not the function of this court to retry the defendant. *Collins*, 106 Ill. 2d at 261. Rather, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Collins*, 106 Ill. 2d at 261, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). A reviewing court will not substitute its judgment for that of the trier of fact on issues of the weight of the evidence or the credibility of the witnesses. *People v. Cooper*, 194 Ill. 2d 419, 431 (2000). "[I]t is the responsibility of the trier of fact to 'fairly *** resolve conflicts in the testimony, to weigh

the evidence, and to draw reasonable inferences from basic facts to ultimate facts.' " *Cooper*, 194 Ill. 2d at 431, quoting *Jackson*, 443 U.S. at 319, 61 L. Ed. 2d at 573, 99 S. Ct. at 2789. This standard of review applies regardless of whether the evidence is direct or circumstantial and regardless of whether the defendant receives a bench trial or a jury trial. *Cooper*, 194 Ill. 2d at 431.

●2 Circumstantial evidence is sufficient to sustain a criminal conviction so long as it satisfies proof beyond a reasonable doubt of the elements of the charged offense. *People v. Hall*, 194 Ill. 2d 305, 330 (2000). The trier of fact need not be satisfied beyond a reasonable doubt as to each link in the chain of circumstances if all of the evidence taken together satisfies the trier of fact beyond a reasonable doubt of the defendant's guilt. *Hall*, 194 Ill. 2d at 330. Similarly, the trier of fact is not required to disregard inferences that flow normally from the evidence and to search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt. *Hall*, 194 Ill. 2d at 332. The trier of fact may reject the defense that someone other than defendant committed the offense where that theory is based upon mere surmise or possibility. *Hall*, 194 Ill. 2d at 332.

●3 With these principles in mind, we consider defendant's challenge to the sufficiency of the evidence against her. Defendant initially argues that the State failed to establish the requisite mental state for theft. The offense of theft, as charged here, requires proof that defendant knowingly obtained or exerted unauthorized control over property of the owner and intended to deprive the owner permanently of the use or benefit of the property. 720 ILCS 5/16—1(a)(1)(A) (West 1998); see *People v. Jones*, 149 Ill. 2d 288, 296-97 (1992). Defendant claims that there is no evidence in the record that she could have known that Foster's vinyl jacket contained the credit card she is charged with stealing. Therefore, according to defendant, even if she took defendant's vinyl jacket, she did not knowingly exert or obtain control over the Visa card and did not intend to permanently deprive Foster of the Visa card. We disagree.

●4 The theft statute does not require proof that the offender was aware of the precise character of the property involved. Where the object of the theft is a purse, wallet, or similar container, a natural inference arises that the offender acted with the intent to deprive the owner of its contents, whatever they might be; it is not necessary that the offender knew in advance what the contents were to be responsible for their theft. See *Chadwell v. State*, 37 Ark. App. 9, 822 S.W.2d 402 (1992) (holding that knowledge of contents of a stolen jacket was not necessary to sustain conviction of theft of credit card which was located within a wallet in one of the jacket pockets); *Commonwealth v.*

*Schraffa*, 2 Mass. App. 808, 308 N.E.2d 575 (1974) (holding that jury could find that defendant who stole truck intended to steal whatever the truck contained although its contents may have been unknown to him when the truck was taken); *People v. Earle*, 222 Cal. App. 2d 476, 35 Cal. Rptr. 265 (1963) (holding that knowledge of contents of money bag taken from pharmacy was unnecessary to sustain conviction of theft of cash inside the bag).

●5 Defendant next argues that the evidence was insufficient to establish that she was the person who took Foster's property. She argues that Foster did not see her leave the apartment with Foster's vinyl jacket. She notes that her boyfriend and Foster's friend Alex were also present at the apartment during the relevant time frame and one of them could have taken the item. The argument is unpersuasive. Foster observed defendant pick the vinyl jacket up from the floor of the bedroom and place it in her clothing. Shortly after defendant left the apartment, Foster determined that the vinyl jacket was missing. This circumstantial evidence is sufficient to establish beyond a reasonable doubt that defendant was the culprit. The trial court was not required to acquit defendant based on the theoretical possibility that defendant put the vinyl jacket back but someone else later stole it. As previously noted, the trier of fact may reject the defense that some other party committed the offense when based on mere surmise or possibility. *Hall*, 194 Ill. 2d at 332. That is the case here.

●6 Finally, defendant argues that the evidence does not support her conviction because her behavior was consistent with innocence and Foster's testimony was not credible. With respect to the former point, defendant notes that she remained at the apartment after Foster purportedly observed her place the vinyl jacket in her clothing. She contends that had she stolen the item, she logically would have fled immediately. She also contends that had she committed the theft, she would not have returned to the apartment the next day as Foster testified. In addition, defendant notes that there was no evidence that she ever used the stolen credit card. With respect to Foster's credibility, defendant notes that Foster did not protest when he saw her place his property in her clothing; he did not report this to the police officer who was summoned to remove defendant from the premises; and he did not confront defendant about the theft or summon the police when she returned to the apartment the next day. Defendant argues that Foster may have fabricated his testimony out of ill will toward her.

As previously noted, it is the responsibility of the trial court to determine what weight to give this evidence and what inferences to draw from it. It is also the trial court's responsibility to assess the

credibility of the witnesses. We will not substitute our judgment for the trial court's on these matters. We cannot say that the evidence against defendant is so improbable or unsatisfactory that it creates a reasonable doubt of her guilt.

For the foregoing reasons, the judgment of circuit court of Lake County is affirmed.

Affirmed.

McLAREN and CALLUM, JJ., concur.