88 P.3d 784

STATE of Idaho, Plaintiff–Respondent,

v.

Dennis E. SOLWAY, Defendant–Appellant.

No. 28912.

Court of Appeals of Idaho.

March 19, 2004.

**966**

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent.

1.  I.C. § 18–2403(3) provides:
    A person commits theft when he knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the intent of depriving the owner thereof.

2.  The version of I.C. § 18–2407 in effect at the time Solway was arrested provided, in relevant part:
    Theft is divided into two (2) degrees, grand theft and petit theft.
    . . . .
    (b) A person is guilty of grand theft when he commits a theft as defined in this chapter and when:

LANSING, Chief Judge.

Dennis E. Solway appeals from his conviction of two counts of grand theft by unauthorized control of credit cards. He challenges the sufficiency of the trial evidence to prove that the objects he stole were valid credit cards and to prove that he knowingly possessed the credit cards.

## I.

## FACTUAL & PROCEDURAL BACKGROUND

On January 9, 2002, while shopping for groceries, Mary Carlisle left her purse in her shopping cart. Solway grabbed the purse and left the store with it. A store employee observed this occurrence and notified the manager, who followed Solway out of the store. The manager saw Solway drive away in a white pickup and noted the pickup's license plate number. Police were notified, and they apprehended Solway. Before Solway's arrest, two junior high school students saw someone throw a purse from the pickup as the pickup went past their school. The purse was given to the police, who returned it to Mary Carlisle. Its contents, including credit cards, were intact.

Solway was charged with two counts of grand theft by unauthorized control of credit cards under Idaho Code § 18–2403(3) [1] and former § 18–2407(1)(b)(3).[2] At trial, after the State rested, Solway moved pursuant to Idaho Criminal Rule 29 for a judgment of acquittal, asserting that the State was required to prove, and had not proved, that the credit cards in Carlisle's purse were valid at the time of the theft, i.e., that they had not

. . . .
3.  The property consists of a credit card; . . .
In their arguments to this Court, both parties have erroneously referred to the current version of I.C. § 18–2407(1)(b)(3), as it was amended in 2002 following Solway's offense. *See* 2002 Idaho Sess. Laws. ch. 326, § 1. As amended, that statute now provides that a theft constitutes grand theft when "the property consists of a . . . financial transaction card or financial transaction card account number as those terms are defined in section 18–3122, Idaho Code."

expired or been cancelled. The district court denied the motion. The jury found Solway guilty on both counts, and the district court imposed concurrent unified sentences of nine years, with six years determinate.

On appeal, Solway contends that the State was required to prove the validity of Carlisle's credit cards at trial and that the State failed to produce sufficient evidence on that element. Solway further contends that the State produced insufficient evidence to show that he *knowingly* took or exercised control over the credit cards, and he asserts that the sentence imposed is excessive.

## II.

## ANALYSIS

### A. Proof of Validity of Credit Cards

■ Solway's first contention is that the district court erred in denying his motion for acquittal because the State was required to prove that the stolen cards were not expired or revoked and thus could actually be used to obtain credit. The State, relying upon *People v. Thompson*, 99 N.Y.2d 38, 751 N.Y.S.2d 162, 780 N.E.2d 973 (2002), and *People v. Winfield*, 145 A.D.2d 449, 535 N.Y.S.2d 619, 620 (N.Y.App.Div.1988), takes issue with this contention that the theft of a credit card constitutes grand theft under I.C. § 18–2407(1)(b)(3) only if the card is valid. We need not resolve this issue of the interpretation of a statute that has since been amended because we conclude that, even assuming that proof of validity of the cards was necessary, the State's evidence here was sufficient.

Appellate review of the sufficiency of the evidence is limited in scope. A jury verdict will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of the charged crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Willard*, 129 Idaho 827, 828, 933 P.2d 116, 117 (Ct.App. 1997); *State v. Knutson*, 121 Idaho 101, 104,

822 P.2d 998, 1001 (Ct.App.1991). In making this assessment, we consider the evidence in the light most supportive of the verdict. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App.1985).

In this case, there is evidence from which it can be inferred that the stolen credit cards were valid. The State placed in evidence photocopies of the cards. The copy of a Visa card shows that it had an expiration date of October 2002, so it had not expired at the time of the offense in January 2002. Another, a department store credit card, shows no expiration date, thereby indicating that it could not have expired before the theft. The victim, Carlisle, testified as follows concerning the credit cards:

Q Now these cards, when you say credit cards, are you able to go into a store and charge either goods or services and be billed later?

A. Yes.

. . . .

Q. What do you mean by a credit card?

A. It's a card that I have signed and applied for from wherever and I go into a store and I make purchases and I give them my card and they—I charge on it.

Q. How do you make payments on these cards?

A. Well, usually we pay it off immediately, but you can make it monthly.

. . . .

Q. When do you receive bills for this?

A. Anywhere from the first of the month to, I believe, one is I'm being billed the tenth of the month.

Q. Where does the money come from to pay on these particular three cards? [3]

**3.** Although the State charged Solway with only two counts of grand theft by possession of a stolen credit card, the State placed three of Carlisle's credit cards into evidence.

A. My Horizon card, which is actually a debit/credit card, comes from my checking account and when I make payments on the others, I write a check for it out of my checking account.

All of these questions were asked and answered in the present tense, indicating that as of the time of trial, Carlisle was still placing charges on the credit cards. Finally, the circumstances of the theft showed that Carlisle was carrying the credit cards in her purse at the time of the theft, which implies that the cards were usable at that time. All of this evidence supports a reasonable inference that the cards were in fact valid and subject to use as credit cards when they were taken.

### B. Sufficiency of Evidence That Solway Knowingly Exercised Control Over the Credit Cards

■ Solway's next argument is based on the provisions of I.C. § 18–2403(3) specifying that theft is committed when an individual "knowingly" exercises unauthorized control over, or makes an unauthorized transfer of property belonging to another. Solway contends that there was no evidence that he *knowingly* took the credit cards. The State, he avers, showed only that he knowingly stole a purse, but not that he knew, at any time before he discarded it, that there were credit cards within a closed wallet inside the purse.

The State responds that it was obligated to prove only that Solway knowingly stole the purse, not that he was actually aware that he was stealing credit cards. According to the State, the theft statute required it to prove "that the defendant knew his possession of the stolen items was not authorized; it does not require the State to prove that the defendant inventoried his loot before being apprehended." The State points out that the word "knowingly" is used only in I.C. § 18–2403(3), which defines theft by unauthorized control, and not in I.C. § 18–2407, which grades the degrees of theft according to the nature or value of objects stolen.

We conclude that the State's position is correct. We agree with the analysis expressed by an Illinois court in *People v. Moneyham*, 323 Ill.App.3d 680, 257 Ill.Dec. 603, 753 N.E.2d 1229, 1232 (2001), where the same issue was presented:

The offense of theft, as charged here, requires proof · that defendant knowingly obtained or exerted unauthorized control over property of the owner and intended to deprive the owner permanently of the use or benefit of the property. 720 ILCS 5/16–1(a)(1)(A) (West 1998); *see People v. Jones*, 149 Ill.2d 288, 296–97, 172 Ill.Dec. 401, 595 N.E.2d 1071 (1992). Defendant claims that there is no evidence in the record that she could have known that Foster's vinyl jacket contained the credit card she is charged with stealing. Therefore, according to defendant, even if she took defendant's vinyl jacket, she did not knowingly exert or obtain control over the Visa card and did not intend to permanently deprive Foster of the Visa card. We disagree.

The theft statute does not require proof that the offender was aware of the precise character of the property involved. Where the object of the theft is a purse, wallet, or similar container, a natural inference arises that the offender acted with the intent to deprive the owner of its contents, whatever they might be; it is not necessary that the offender knew in advance what the contents were to be responsible for their theft. *See Chadwell v. State*, 37 Ark.App. 9, 822 S.W.2d 402 (1992) (holding that knowledge of contents of a stolen jacket was not necessary to sustain conviction of theft of credit card which was located within a wallet in one of the jacket pockets); *Commonwealth v. Schraffa*, 2 Mass.App. 808, 308 N.E.2d 575 (1974) (holding that jury could find that defendant who stole truck intended to steal whatever the truck contained although its contents may have been unknown to him when the truck was taken); *People v. Earle*, 222 Cal.App.2d 476, 35 Cal.Rptr. 265 (1963) (holding that knowledge of contents of money bag taken from pharmacy was unnecessary to sustain conviction of theft of cash inside the bag).

Proof that Solway knowingly took unauthorized control of the purse, which is by character a container to hold other objects, is sufficient to support an inference that he intended to deprive the owner of the purse and any contents it held. Proof of grand theft under I.C. § 18–2407(1)(b)(3) does not require proof that the defendant was aware of the character or value of the property taken.

## C. Solway's Sentence

▮▮▮ Lastly, Solway argues that the sentences imposed by the district court are excessive. When a sentence is challenged on appeal, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young*, 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991). The defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Because sentencing decisions involve consideration of many intangibles and cannot be made with precision, where reasonable minds might differ as to the propriety of the term of confinement, the discretion vested in the sentencing court will be respected. *Id.*

Solway had a criminal record stretching back more than twenty years, including convictions for burglary, grand larceny, theft, possession of stolen property, and possession of a controlled substance. Considering this history, we do not deem the concurrent sentences of nine years with six years determinate in this case to be an abuse of discretion.

## III.

## CONCLUSION

The State's evidence at trial was sufficient to sustain the jury's verdict, and the sentences imposed are not excessive. Therefore, the judgment of conviction and sentences are affirmed.

Judge PERRY and Judge GUTIERREZ concur.