**Beth K. LAWRENCE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–10757.**

Court of Appeals of Alaska.

Jan. 27, 2012.

Chad Flanders, Attorney at Law, Robert Lee Griffin and Dan Bair, Assistant Public Advocates, and Rachel Levitt and Richard Allen, Public Advocates, Anchorage, for the Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

### OPINION

BOLGER, Judge.

Beth K. Lawrence stole a purse that contained two "access devices" as defined in AS 11.81.900(b)(1)—a debit card and a social security card. Although she was not charged with stealing the purse itself, she was charged with two counts of theft in the second degree for stealing the access devices. A jury convicted her of both counts.

On appeal, Lawrence claims that the superior court erred when it instructed the jury that, when the object of a theft is a container (in this case, a purse), the thief need not know in advance the contents of the container, and the jury may, but need not, infer that the person intended to deprive the owner of the container's contents. She claims that the superior court should have granted her request for a mistrial based on this jury instruction. She also claims that there was insufficient evidence to prove that she acted with the requisite culpable mental state for second-degree theft; that the second-degree theft statute is unconstitutionally vague; and that, under the prohibition against double jeopardy, she cannot properly be convicted of two counts of theft for stealing one purse.

For the reasons set out here, we affirm Lawrence's convictions. However, we remand the case to the superior court so that the judgment may be corrected to reflect that Lawrence's two convictions merge.

### Background

On July 21, 2009, Lawrence entered a store in Fairbanks and, while there, stole the purse of a store employee. The purse contained the victim's debit card and her social security card. These cards were "access devices" as defined by AS 11.81.900(b)(1).[1] Stealing an access device is second-degree

---

1. Under this statute, "'access device' means a card, credit card, plate, code, account number, algorithm, or identification number, including a social security number, electronic serial number, or password, that is capable of being used, alone or in conjunction with another access device or identification document, to obtain property or services, or that can be used to initiate a transfer of property." AS 11.81.900(b)(1).

theft, a class C felony.[2] Lawrence was charged with two counts of this offense, one charge for each stolen access device. She was not separately charged with stealing the victim's purse.

When discussing jury instructions, Lawrence's attorney took the position that the State had to prove that Lawrence specifically intended to steal each access device, not just the purse. Superior Court Judge Paul R. Lyle rejected this position, and warned Lawrence's attorney that if he made this argument to the jury, the judge would tell the jury to ignore it. Judge Lyle told the attorneys that if they misstated the law during argument, the jury would be told to disregard any misstatement.

Despite these warnings, Lawrence's attorney argued to the jury that Lawrence did not have the requisite state of mind to steal the access cards because she did not know they were in the victim's purse. The attorney asked the jury to consider: "Did she have the conscious objective when she grabbed that purse to steal those access devices?"

Lawrence's attorney also argued that Lawrence was "after cash," not access devices. "She stole the purse, but she didn't grab that purse with the intent of stealing access devices." The attorney noted that the trooper never asked Lawrence if she knew the access cards were in the purse and that she was depriving the victim of her debit card and social security card. The attorney concluded that "this [case] is about whether or not she intended to take those access devices."

After arguments, Judge Lyle—outside the jury's presence—found that Lawrence's argument was contrary to the law and that it was necessary to give the jury a curative instruction. Over Lawrence's objection, the court instructed the jury that,

> [w]here the object of an alleged theft is a container, an inference may, but need not be, drawn that the defendant acted with the intent to deprive the owner of its contents whatever they might be. It is not necessary that the offender know in advance the contents of the container.

After the jury began its deliberations, Lawrence asked for a mistrial, asserting that the curative instruction misstated Alaska law. Judge Lyle denied the request for a mistrial. Lawrence now appeals.

### Discussion

*The instruction on theft of a container was valid under the facts of this case and is supported by case law from other jurisdictions.*

■ Lawrence claims Judge Lyle erred when he instructed the jury on theft of the contents of a container. She contends that the jury instruction "runs afoul" of the rule that "instructions to a jury, taken as a whole, must result in the jury understanding that it was the State's burden to prove ... beyond a reasonable doubt ... every element of the offenses charged against the defendant, including all culpable mental states."

Lawrence argues that Judge Lyle should have reminded the jury when he gave the curative instruction that it was the State's burden to prove its case beyond a reasonable doubt. She also asserts that the judge should have instructed the jury that, while it could reasonably infer Lawrence's intent to steal the contents of the purse from the fact that she intentionally stole the purse, it should also weigh any evidence showing a contrary intent.

Our review of the record indicates that the jury was repeatedly instructed—both before and after this curative jury instruction—that the State had the burden of proving that Lawrence intended to take the property of another. The jury was also told that it should consider all the evidence when reaching its verdict. And the curative instruction informed the jury that it may, but need not, infer Lawrence's intent to steal the contents of the purse from the fact that she stole the purse. We conclude Judge Lyle was not required to provide additional instructions to the jury on this issue. Because we find no error in the court's instruction, we uphold the court's decision to deny Lawrence's motion for a mistrial.

---

**2.** AS 11.46.130(a)(7), (c).

Lawrence also argues that it was improper to tell the jury that when a thief steals a container, the thief can be convicted of stealing the contents, even though the thief does not know the container's contents in advance. But other jurisdictions have consistently ruled that a person who steals a container may also be convicted of theft for stealing the container's contents, even when the thief did not know the nature of those contents.[3]

We reached a similar conclusion in an analogous circumstance in *Ortberg v. State*.[4] In that case, the defendant was charged with second-degree criminal mischief for intentionally damaging property valued at $500 or more.[5] We concluded that the defendant could be convicted of criminal mischief based on proof that he intentionally damaged property of the required value, and that the State was not required to prove that the defendant was aware of the monetary value of the damage.[6]

We note that it is common knowledge that people routinely carry credit cards, debit cards, and items such as social security cards in purses and wallets. Consequently, we conclude that when Lawrence stole the victim's purse, she had to realize that she would likely be stealing some of these access devices. We need not reach the issue of whether, under circumstances not presented in this case, such an instruction might unfairly make a thief liable for stealing a container with unusual property inside.

### The evidence was sufficient to prove that Lawrence intended to deprive the owner of this property.

■ Lawrence next claims that there was insufficient evidence to prove that she acted with the requisite culpable mental state for second-degree theft. This argument arises from Lawrence's claim that the State was required to prove that she specifically intended to steal the access devices.

When we rule on a claim of insufficient evidence, we must consider the evidence in the light most favorable to the jury's verdict and determine whether a fair-minded juror could find guilt beyond a reasonable doubt.[7] Viewing the evidence in this fashion, the evidence shows that Lawrence had the specific intent to deprive another of property.

Under the Alaska Statutes, a person commits theft if the person obtains the property of another person with the intent to deprive the other person of the property.[8] "Depriv[ing] another of property" includes "dispos[ing] of the property in such a manner or under such circumstances as to make it unlikely that the owner will recover the property."[9] At trial, Alaska State Trooper John Ryan testified that Lawrence admitted to

---

3. *See, e.g., Chadwell v. State*, 37 Ark. App. 9, 822 S.W.2d 402, 403 (1992) (concluding that knowledge of the contents of a stolen jacket was not necessary to sustain the conviction for theft of a credit card that was located within a wallet in one of the jacket pockets); *People v. Campbell*, 63 Cal.App.3d 599, 133 Cal.Rptr. 815, 824 (1976) ("[The] defendant intended to steal the purse.... [W]e are of the view that he intended to steal the contents of the purse, in this case the gun. We conclude that the defendant was properly convicted of grand theft of the gun."); *People v. Earle*, 222 Cal.App.2d 476, 35 Cal.Rptr. 265, 266 (1963) ("What is important here is that the defendant intended to steal the bag and its contents.... It is not necessary that he knew its contents in advance."); *State v. Solway*, 139 Idaho 965, 88 P.3d 784, 787 (Idaho App.2004) ("[T]he theft statute required [the state] to prove 'that the defendant knew his possession of the stolen items was not authorized; it [did] not require the State to prove that the defendant inventoried his loot before being apprehended.' "); *People v. Moneyham*, 323 Ill.App.3d 680, 257 Ill.Dec. 603, 753 N.E.2d 1229, 1232 (2001) ("Where the object of the theft is a purse,

... a natural inference arises that the offender acted with the intent to deprive the owner of its contents, whatever they might be."); *Commonwealth v. Schraffa*, 2 Mass.App.Ct. 808, 308 N.E.2d 575, 576 (1974) (finding the jury could conclude that the defendant intended to steal whatever the truck contained even though its contents may have been unknown to him when the truck was taken).

4. 751 P.2d 1368 (Alaska App.1988).

5. *Id.* at 1374.

6. *Id.*

7. *Silvera v. State*, 244 P.3d 1138, 1142 (Alaska App.2010) (citing *Morrell v. State*, 216 P.3d 574, 576 (Alaska App.2009); *Daniels v. State*, 767 P.2d 1163, 1167 (Alaska App.1989)).

8. AS 11.46.100(1).

9. AS 11.46.990(8)(B).

him that she had stolen the purse. Lawrence also admitted that she had thrown the purse into a vacant lot near the house where she was staying. The trooper looked in the area of the vacant lot and found several items from the purse, including the victim's debit card and her social security card. The social security card was torn into pieces. The trooper testified that it was unlikely the victim could have located her purse and its contents in the vacant lot.

A reasonable juror could have concluded from this evidence that Lawrence took these access cards when she stole the purse and that she intentionally discarded the cards in an area where the victim was unlikely to recover them. This evidence was sufficient to support the verdicts.

### The second-degree theft statute is not unconstitutionally vague.

■ Lawrence next claims that the second-degree theft statute is unconstitutionally vague. She asserts that the statute fails to "explicitly inform [people] that the conduct of stealing [a container], with no intent to steal an access device contained therein," is punishable as second-degree theft if the container happens to contain an access device.

■ A statute is unconstitutionally vague if it does not provide adequate notice to the ordinary person of what conduct is prohibited.[10] A statute provides adequate notice if it "affords a reasonable warning of the prescribed conduct in light of common understanding and practice."[11] Under the penalty scheme for theft, a person is generally punished based on the value of the stolen property.[12] But the language of the theft statutes plainly provides that access devices and firearms are exceptions to this pattern. The penalty for stealing these items does not depend upon their value. Instead, it is a felony to steal this type of property.[13]

This statutory scheme provides a reasonable warning of the prohibited conduct in light of common understanding and practice. It is commonly known that people carry items such as credit cards and debit cards in their purses and wallets. It is also commonly known that if a person steals a purse or a wallet, the person has deprived another person of any property inside the purse or wallet. We conclude that Lawrence has failed to show that the theft statutes did not afford her reasonable warning that her conduct was punishable as a felony.

### The judgment should be corrected to show that these convictions merge.

■ Lawrence's final claim is that, under the prohibition against double jeopardy, she cannot be convicted of two counts of theft of access devices when she stole the two devices from the same victim at the same time—that is, when she stole the victim's purse. At the sentencing hearing, Lawrence's counsel asserted that the superior court should merge the sentences for the two theft counts. The State's attorney agreed. Later, Judge Lyle stated that the two offenses would merge into a single theft conviction. But the written judgment shows two convictions with separate sentences, imposed concurrently.

At oral argument, the State did not oppose a remand to correct this inconsistency. We accordingly remand this matter so that the judgment may be corrected to indicate that the two offenses have merged and to show a single sentence for this one conviction.

### Conclusion

We REMAND the case to the superior court to correct the judgment to show a single sentence for one merged conviction. We AFFIRM the judgment of conviction in all other respects.

---

10. *Treacy v. Anchorage*, 91 P.3d 252, 260–61 (Alaska 2004); *Stock v. State*, 526 P.2d 3, 8 (Alaska 1974).

11. *Halliburton Energy Servs. v. State, Dep't of Labor*, 2 P.3d 41, 51 (Alaska 2000) (citation omitted).

12. *See, e.g.,* AS 11.46.120(a); AS 11.46.130(a)(1).

13. *See* AS 11.46.130(a)(2), (7).

MANNHEIMER, Judge, concurring.

The primary issue in this appeal is whether, when a thief steals a container, the thief can be lawfully convicted of stealing the items within that container, even though the thief was ignorant of the contents of the container at the time of the taking.

As Judge Bolger's lead opinion explains, several courts have held that, in these situations, the government need not prove that the thief was subjectively aware of the precise contents of the container. Rather, once the government proves that the thief stole the container, it automatically follows that the thief is guilty of stealing all of the items that one might reasonably expect to find inside a container of that sort.

Lawrence's case, however, can be resolved on a narrower basis. Lawrence's jury was *not* instructed that, if Lawrence was guilty of stealing the purse, then she was automatically guilty of also stealing whatever was inside the purse. Rather, the jurors were instructed that they *could* find Lawrence guilty of stealing the contents of the purse—*i.e.*, guilty of intending to appropriate the contents of the purse to her own benefit, or guilty of intending to deprive the victim of the contents of the purse—if the evidence supported either of these conclusions.

As explained in the lead opinion, the evidence showed that, after Lawrence stole the purse, she threw the purse away in a place where the owner was unlikely to recover it. In other words, even though Lawrence's immediate objective may have been to steal cash from the purse, she "deprived" the victim of the entire contents of the purse. (Under the definition of "deprive" codified in AS 11.46.990(8)(B), a person deprives an owner of property if they "dispose of the property in such a manner or under such circumstances as to make it unlikely that the owner will recover the property".)

Moreover, the evidence supported the conclusion that Lawrence examined the contents of the purse before she threw the purse away—because the victim's social security card was found torn to pieces.

Thus, the evidence supported the conclusion that, by the end of this criminal episode, (1) Lawrence was subjectively aware of the individual items contained in the purse—in particular, the two access devices—and (2) Lawrence intentionally deprived the owner of these items by disposing of the purse (and its contents) "under such circumstances as to make it unlikely that the owner [would] recover the property".

Because of the case law suggesting that a thief who steals a container is *automatically* guilty of stealing the contents as well (even when the thief remains ignorant of those contents), it is possible that Lawrence received a more favorable jury instruction on this issue than she was entitled to. But we need not resolve that question, because the evidence in Lawrence's case supports the conclusion that Lawrence *was* aware of the contents of the purse, and that she disposed of the purse and its contents with the intent to deprive the owner of this property.