

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED100208 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | |
| RONALD DONNELL BURNS, | ) | Hon. Thomas J. Frawley |
| | ) | |
| Appellant. | ) | FILED:  August 26, 2014 |

Ronald D. Burns appeals from the judgment of the trial court after a bench trial that convicted him of the class C felony of stealing a credit card and sentenced him as a persistent offender to a term of ten years' imprisonment.  Burns challenges the sufficiency of the evidence. Finding no error, we affirm.

Viewed in the light most favorable to the judgment, the evidence is as follows.  On September 29, 2011, Latrice White drove to a restaurant in the City of St. Louis to pick up food during her lunch break.  Returning to her car, White placed the food and  her purse, which contained her wallet, on the passenger seat.  She started to drive back to work and saw a blind woman about to cross the street.  White parked her car awkwardly with the hazard lights on and went to assist the blind woman, locking the car doors but leaving the passenger-side window lowered about six inches.  Approximately five minutes later White came back to her car and saw two African-American men standing by it, Burns and Jermaine Morgan.  She asked them what they were doing, and if they had tried to get into the car or messed with anything.  They replied

that they wondered why her car was parked awkwardly with its hazard lights on, and that they did not know what she was talking about. White began to drive off and the two men walked away. She checked her purse and discovered that her wallet, which contained cash and credit cards was missing. White turned her car around, called the police, and confronted Burns and Morgan, both of whom initially denied taking the wallet. Morgan eventually told White that Burns took her wallet. The two men started to leave as the police arrived. White pointed Burns out as he headed down the road and identified him as the man who took her wallet. Sargeant Kevin Androff of the St. Louis Metropolitan Police Department drove towards Burns, who tried to enter an apartment complex but was stymied by the gate. Sgt. Androff told Burns to come over, and Burns was read his *Miranda* rights. Burns admitted that he took White's wallet and that he threw it down near the gate where the police first contacted him. The police recovered White's wallet near the gate, which they found still contained cash and White's Mastercard. Nothing was missing from the wallet.

Burns waived his right to a jury trial. White, Morgan, Sgt. Androff, and Officer Phillip Wells testified. The State introduced several exhibits, including the 911 recording of White's call to the police. The State also submitted evidence that established Burns' status as a prior and persistent offender. Counsel for Burns moved for a judgment of acquittal at the close of the State's case and after the close of all evidence. The trial court denied both motions. The trial court found that Burns was guilty of stealing a credit card, and it sentenced him to a term of ten years' imprisonment. Burns now appeals from this judgment.

In his sole point relied on Burns contends that the trial court erred in denying his motion for judgment of acquittal at the close of all of the evidence because there was insufficient evidence to support his conviction for stealing a credit card, thereby violating his right to due

2

process of law under the U.S. Constitution and the Missouri Constitution. Burns argues that the State failed to prove that he appropriated White's Mastercard with the purpose to deprive her of that credit card. He asserts that the State failed to present any evidence from which the trier of fact, the judge, could reasonably infer that he knew of the presence of the credit card in White's wallet.

In reviewing the sufficiency of the evidence in a bench-tried criminal case, this Court is limited to the determination of whether the State presented sufficient evidence from which the trier of fact reasonably could have found the defendant guilty. State v. Sonnier, 422 S.WS.3d 521, 523 (Mo. App. 2014) (quoting State v. Vandevere, 175 S.W.3d 107. 108 (Mo. Banc 2005)). In making this determination, this Court gives great deference to the trier of fact. State v. Moore, 303 S.W.3d 515, 519 (Mo. Banc 2010). We view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict, and disregard any evidence and inferences that are contrary to the verdict. Sonnier, 422 S.W.3d at 523. (quoting State v. Belton, 153 S.W.3d 307, 309 (Mo. Banc 2005)). The State has the burden of proof and must establish each and every element of a criminal case. Id. (quoting State v. Dixon, 70 S.W.3d 540, 545 (Mo. App. 2002)). The State can prove its case by submitting direct or circumstantial evidence that connects the defendant to each element of the crime. State v. Jones, 296 S.W>3d 506, 509 (Mo. App. 2009). Circumstantial evidence is given the same weight as direct evidence, and the trier of fact may make reasonable inferences from the evidence presented. Id.

Pursuant to section 570.030.1 RSMo 2000, "[a] person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." Subsection

570.030.3(3)(c) further provides that if the property appropriated is a credit card or line of credit that the offense is then a class C felony.

Burns admitted to the police that he took White's wallet from the purse in her car, and that he threw it down near the gate where the police initially contacted him. When found, the wallet contained cash and credit cards belonging to White, including the Mastercard at issue, apparently undisturbed. The question is whether the trier of fact could reasonably infer that Burns knew that White's wallet contained a credit card when he appropriated the wallet and its contents. There is no direct proof of Burns' mental state, but this is not unusual. In general, direct proof of a defendant's mental state is seldom available and such intent may be, and usually is, inferred from circumstantial evidence. State v. Jefferson. 414 S.W.3d 82, 86 (Mo. App. 2013). It is a reasonable inference that in contemporary urban America a wallet in a purse owned by someone who just purchased an item contains one or more credit cards. "[I]t is common knowledge that people routinely carry credit cards, debit cards, and items such as social security cards in purses and wallets." Lawrence v. State, 269 P.3d 672, 675 (Alaska Ct. App. 2012). It is also a reasonable inference that a person stealing a wallet from a purse intends to steal the contents of that wallet and not merely the wallet itself. Other jurisdictions consistently have ruled that a defendant who steals a container may also be convicted of theft for stealing the contents of the container, even when the thief did not know the nature of the contents.[1] When

---

[1] See, e.g., id. at 673-75 (affirmed conviction for stealing "access devices," namely debit card and social security card that were in a purse); Chadwell v. State, 822 S.W.2d 402, 403 (Ark. Ct. App. 1992) (concluding that knowledge of the contents of a stolen jacket was not necessary to sustain conviction for theft of a credit card that was in a wallet in a pocket of the jacket); People v. Campbell, 133 Cal.Rptr. 815, 824 (Cal. Ct. App. 1976) (defendant intended to steal the purse, and therefore intended to steal the contents of the purse, and accordingly was properly convicted of grand theft of the gun in the purse; State v. Solway, 88 P.3d 784, 785-87 (Idaho App. 2004) (affirmed conviction that defendant knowingly exercised unauthorized control over credit cards in stolen purse that defendant tossed out of vehicle window with its contents intact before his arrest; the State is not required to prove that defendant "inventoried his loot before being apprehended."); People v. Moneyham, 753 N.E.2d 1229, 1232 (Ill. App. Ct. 2001) (concluding that knowledge of the contents of a stolen jacket was not necessary to sustain conviction for stealing a Visa card that was in the jacket. "Where the object of the theft is a purse, wallet, or similar container, a natural

Burns stole White's wallet from her purse, he had to realize that he would likely be stealing one or more credit cards as well. The State did not have to prove that he had specific knowledge of the contents of the wallet, namely White's Mastercard, to sustain a conviction for the class C felony of stealing a credit card. Point denied.

The judgment of the trial court is affirmed.

CLIFFORD H. AHRENS, Judge

Lawrence E. Mooney, P.J., concurs.
Glenn A. Norton, J., concurs.

---

inference arises that the offender acted with the intent to deprive the owner of its contents, whatever they might be[.]"); Commonwealth v. Schraffa, 308 N.E.2d 575, 576 (Mass. App. Ct. 1974) (trier of fact could conclude that defendant intended to steal the contents of stolen truck even if the contents were unknown when the truck was stolen); State v. Combariati, 452 A.2d 710, 710-13 (N.J. 1982) ("[I]t is not necessary for the defendant to have prior knowledge that the stolen purse contained [a controlled dangerous substance] for him to be convicted of theft of [a controlled dangerous substance]").