After a jury-waived trial, the defendant was convicted of breaking and entering a motor vehicle in the nighttime with the intent to commit a felony, malicious destruction of a motor vehicle, and larceny over $ 250.[2] On appeal the defendant argues that the evidence was insufficient to support his convictions. The Commonwealth concedes that the evidence did not support a conviction of malicious destruction of a motor vehicle; we agree and thus reverse that conviction. For the reasons that follow, we affirm the breaking and entering conviction, but vacate the conviction of larceny over $ 250 and remand for entry of a finding of guilt on the lesser included offense of larceny under $ 250, and for resentencing.
Background. On June 6, 2013, at around 9:30 P.M. , Matthew Mooskian left a gym in Worcester and walked toward his truck in the adjacent parking lot. He noticed a white Volkswagen Jetta automobile parked next to the truck, which was situated away from the other vehicles in the lot. A person, later identified as one Kevin O'Brien, was standing next to the truck's passenger-side window. Two people were seated in the Jetta; the person in the driver's seat was later identified as the defendant.
As Mooskian approached, O'Brien walked around the rear of the Jetta and got into the front passenger seat. Mooskian opened the door of the truck and saw "glass everywhere" and a softball-sized rock on the center console. He then heard someone inside the Jetta say, "Get out of here," and, "Go take a left." The defendant reversed the Jetta out of its parking space and drove off. Mooskian followed in his truck.
While the vehicles were stopped at a stop sign, officers arrived at the scene. They searched the Jetta and saw glass shards on the front passenger seat and on O'Brien's pants. Mooskian informed the officers that a GPS unit and mount were missing from his truck. Though the officers found a GPS mount in the Jetta and returned it to Mooskian, the unit itself was never recovered.
Discussion. 1. Breaking and entering. The Commonwealth proceeded under a theory that the defendant participated in a joint venture. A defendant is guilty as a joint venturer "if the Commonwealth has proved beyond a reasonable doubt that [he] knowingly participated in the commission of the crime charged, alone or with others, with the intent required for that offense." Commonwealth v. Zanetti, 454 Mass. 449, 468 (2009). The defendant argues that the evidence failed to establish that he shared the requisite intent to commit the breaking and entering. In particular, he argues that, because he did not have foreknowledge that O'Brien would break into Mooskian's truck, he could not have shared O'Brien's intent when the crime was committed. We disagree.
The evidence supports the judge's findings that the defendant knew of O'Brien's intent and agreed prior to or during the commission of the crime to provide a means of escape.[3] Of particular importance, the judge determined that the evidence supported the following facts and inferences: the defendant drove the Jetta to the scene of the crime[4] ; he parked next to Mooskian's truck, which was "situated apart from other parked cars"; "[t]he crime took place literally directly outside of [the defendant's] driver side window"; he "observed [the crime] happening"; and he drove away once the crime was complete. These findings, and the judge's ultimate finding of guilt, were not based on speculation as the defendant contends. To the contrary, the judge reasonably "infer[red] the defendant's mental state [and] intent from his ... knowledge of the circumstances [and] subsequent participation in the crime." Id. at 470.
The defendant also argues that the Commonwealth failed to prove his intent to commit the underlying felony, i.e., larceny over $ 250. "A defendant's intent to commit a felonious larceny," however, may be inferred "from the actual commission of the felonious act ... as well as 'from the circumstances attending the act.' " Commonwealth v. Hill, 57 Mass. App. Ct. 240, 247 (2003), quoting Commonwealth v. Lauzier, 53 Mass. App. Ct. 626, 629 (2002). To prove intent, the Commonwealth was not required "to present evidence of the value of the property actually stolen, or, in fact, that any property was actually stolen." Hill, 57 Mass. App. Ct. at 247. Nor was the judge "required to find that [the defendant] intended to limit his stealing to property under [$ 250] in value." Commonwealth v. Lewis, 346 Mass. 373, 378 (1963), cert. denied, 376 U.S. 933 (1964). The GPS unit, an item of potential value, was prominently displayed on the windshield of the truck. Furthermore, the evidence gave rise to an inference that Mooskian's arrival stopped the theft from continuing. The judge could permissibly infer from these circumstances that the defendant "intended to steal whatever the truck contained," Commonwealth v. Schraffa, 2 Mass. App. Ct. 808, 809 (1974), which was in turn sufficient to prove the defendant's intent to commit larceny over $ 250. See Hill, 57 Mass. App. Ct. at 247.
2. Larceny over $ 250. For the reasons stated above, we reject the defendant's contention that he did not have the knowledge or intent to be convicted of larceny over $ 250 as a joint venturer. We agree, however, with the defendant's alternative argument that the Commonwealth did not establish that the value of the GPS unit was over $ 250.
The offense of larceny over $ 250 requires that the Commonwealth prove the stolen item's value. See Commonwealth v. Baldwin, 52 Mass. App. Ct. 404, 408 (2001). The Commonwealth failed to meet this burden. Mooskian gave conflicting testimony regarding the value of the GPS unit. He initially testified that he purchased it for "around" $ 300. On cross-examination, however, he testified that he received the unit as a gift and did not know the actual cost. Then, on redirect, he testified that he received the unit as partial payment for work he did on a job, valued at approximately $ 500. While he described the unit as a Garmin, he admitted that there are numerous Garmin models, which can sell for $ 99 to $ 150. Ultimately, Mooskian's testimony did not establish the actual value of the GPS unit, and the Commonwealth offered no other proof of its value. We therefore conclude that the evidence was insufficient to support a conviction of larceny over $ 250.
Conclusion. On the indictment charging malicious destruction of a motor vehicle, the judgment is reversed, the finding of guilt is set aside, and judgment is to enter for the defendant on that charge. On the indictment charging larceny over $ 250, the judgment is vacated, the finding of guilt is set aside, and the verdict of guilty on the habitual offender portion of the indictment is also set aside. The case is remanded for entry of a finding of guilt on the lesser included offense of larceny under $ 250, and for resentencing. The remaining judgment is affirmed.
So ordered.
reversed in part; vacated in part; affirmed in part.

Each of the indictments charged the defendant as a habitual criminal pursuant to G. L. c. 279, § 25. A jury trial on the habitual offender portions of the indictments was held after the jury-waived trial on the underlying offenses, and the defendant was found guilty on each charge.

The judge's findings are contained in a written decision denying the defendant's motion to reconsider the denial of his oral motion for a required finding of not guilty. The defendant suggests that the findings are inconsistent with earlier comments made by the judge that the evidence was insufficient to prove that the defendant had foreknowledge of O'Brien's intention to break into the truck. But, as the judge clarified in his decision, while there was no "direct evidence" of the defendant's foreknowledge, there was adequate circumstantial evidence. See Commonwealth v. Casale, 381 Mass. 167, 173 (1980) ("A person's knowledge or intent is a matter of fact, which is often not susceptible of proof by direct evidence, so resort is frequently made to proof by inference from all the facts and circumstances developed at the trial").

Contrary to the defendant's assertion, the judge could permissibly infer that the defendant drove O'Brien to the parking lot or, at a minimum, that he met O'Brien there.